### COLE *et al.* v. THE CITY OF MUSCATINE.

1. MUNICIPAL CORPORATION: CHANGE OF GRADE. At common law a municipal corporation was not liable for damages resulting from changing the grade of streets.

2. SAME. The city of Muscatine is made liable for such injuries by the provisions of chapter 50 of the Laws of 1855, but the liability can be ascertained only in the manner provided by the Statute.

3. SAME: GENERAL RULE. When a statute gives a right and creates a liability which did not exist at common law, and at the same time points out a specific method by which the right can be asserted and the liability ascertained, that method must be strictly pursued.

*Appeal from Muscatine District Court.*

TUESDAY, DECEMBER 22.

THE plaintiffs in this action seek to recover damages for injuries done them in the year 1857, by the city of Muscatine, in wrongfully digging up and carrying away the earth to the depth of three feet below the established grade in front and upon the north side of plaintiff's property, whereby it was injured, &c. Another count alleges that the damage was done under a pretended change of grade, which grade was never in fact effected. The defendant answers first denying the injuries complained of; second, averring that the defendant was a municipal corporation and as such, by law had the power to establish and alter the grades of the street; that the said injuries, if committed at all, were occasioned by the proper exercise of the powers of said city to grade its streets; third, that plaintiff's

remedy is under the provisions of the act of 24th January, 1855, page 76, Laws of 1854, 1855, and that the District Court had no jurisdiction of said cause. Upon these aver-ments issue was joined, trial by jury, verdict for defendant and plaintiff's appeal.

*Cloud and Woodward* for the appellant.

The act of 1855 is unconstitutional, because: 1. It pro-vides no tribunal known to the law. 2. It secures no trial by jury. 3. The judgment is final, and the party is de-prived of an appeal by which he may reach a jury and a common law administration. 4. It does not provide for per-sonal notice to the party. Const., art. 1, §§ 9, 18; *McClel-lan* v. *McClellan,* 2 Iowa, 312; *Wort* v. *Finley,* 8 Blackf., 335; *Smith* v. *Myers,* 5 Id., 223; *Bliss* v. *Wilson,* 4 Id., 169; 1 Hawkes, 274; *Chase* v. *Hathaway,* 14 Mass., 224. 5. It is a law of a general nature and does not have a uniform operation. Const., art. 1; *Lumsden* v. *The City of Milwaukee,* 6 Am. Law Reg., 157.

*Richman & Brother* for the appellee.

BALDWIN, C. J.— The appellants excepted to the charge of the Court to the jury and assign this as error, as also the refusal of the Court to give the instructions asked.

That portion of the charge of the Court is most objected to in which the jury are directed that under the act of January 24th, 1855, and under the pleadings and evidence the plaintiffs could not recover in this action for any dam-ages which were necessarily occasioned by any change in the grade of the street in front of the premises described in the petition; that if there was any such change of grade and if the work complained of by the plaintiffs in their petition, was done in bringing the said streets down to such grade, or down to the original grade line, the remedy of

the plaintiff is the one pointed out in the statute of 1855, and not by an original action like the present commenced in the District Court.

It is maintained by the counsel of appellants that this act for various reasons is unconstitutional, as in this, that it is not uniform in its operation; that it deprives the injured party of a trial by jury; that it establishes a tribunal from which there is no appeal, and therefore the plaintiffs are not compelled to resort to the tribunal therein provided for to obtain redress for the injuries complained of. We do not understand from the charge of the court that if the city in grading its streets worked beyond the established grade that it is not liable in this action or that the plaintiffs must resort to the Commissioner's Court to recover damages for such wrongful act on the part of the city; but that where the work is done within the lines of the established grade lines, then, if any damage accrues to the plaintiff the amount must be assessed under the provisions of the act of 1855. As stated by the Court in its charge, it has been deliberately decided by this Court in *Creel* v. *The City of Keokuk*, 4 G. Greene, 47, and in *Coates & Patchin* v. *The City of Davenport*, 9 Iowa, 227, that by the common law or aside from an act of the Legislature to that effect, a city is not liable for the necessary damage done to property in consequence of either establishing or changing the grades of streets or alleys. The defendant was not, therefore, liable at common law for any injuries resulting from the establishment or changing of its grades. The act, however, of 1855, makes the city so liable, but this act provides the manner in which damages shall be assessed. A property holder, therefore, cannot claim the relief afforded by this act and reject the mode therein pointed out for obtaining such redress; or, as expressed by the court, "the well known principle applies, that where a statute gives a right and creates a liability which did not

exist at common law, and the statute at the same time provides a specific mode in which such right shall be asserted and liability ascertained, that mode and that alone must be pursued."

The plaintiffs had no remedy at common law for the injuries complained of as long as the defendant worked within the established grades. If entitled to damages under the act of 1855, the remedy, as the court charged, was by an application to the court therein provided. If this act should be held unconstitutional as appellants' claim, their right to damages falls with the act. The appellants are, therefore, asking that the only law which affords them relief, be declared void. If, however, the defendant had never established or altered its grade as is claimed, or if it worked beyond or below such grade to the injury of plaintiffs, they could recover in this action, and we understand the court so instructed.

Whether the grades were ever established or whether the Bailey grade, as it is termed, was the established grade of the city instead of the Jennison grade, or whether the defendants worked below either, was a question for the jury to determine, and we cannot undertake to say that their verdict was wrong, or that the court in its charge in relation thereto was erroneous, as the whole of the evidence introduced on the trial is not before us.

Affirmed.