## LEASE v. VANCE.

1. **Fences:** STATUTE : REMEDY. The statute makes the fence viewers a special tribunal for the adjudication of the rights and settlement of controversies of adjoining owners respecting the erection and maintaining of partition fences, and no action will lie in the courts for that purpose until the fence viewers have been applied to and acted in the premises, as prescribed by the statute.

2. —— This case falls within the principle, that where a statute creates a liability and gives a right not known to the common law, and at the same time points out a specific mode for its enforcement, that mode must be followed, to the exclusion of all others.

*Appeal from General Term, Sixth District (Washington County).*

THURSDAY, APRIL 21.

ACTION to recover for half the value of a partition fence and for its use. The facts found by the court below, stated in a condensed form, are as follows :

The fence is of hedge, entirely on plaintiff's land, and from five to ten feet from the division line between the parties. It was put there twenty years since by plaintiff's grantor. Plaintiff occupied and owned the land for four years before commencing this action, and defendant has owned and occupied his land for about the same time. The fence was erected wholly at the expense of plaintiff and his grantor, and the benefits thereof have been enjoyed jointly by the parties. There has never been any agreement as to what defendant should pay for the use of the fence, nor has any thing been paid. About a year before the action was commenced, plaintiff offered to sell defendant one-half the fence, but he refused to buy.

Defendant's land is inclosed in common with several other neighbors, one fence surrounding the whole, and he has no division fence except the one in question, nor does

he, or any of these neighbors, join to this fence. Before plaintiff purchased, defendant agreed with the former owner that he would make the necessary repairs by putting in rails, in consideration of its use as a partition fence. This, however, he neglected to do, and the fence has been wholly maintained by plaintiff. Of this arrangement plaintiff was informed at the time of his purchase.

Upon these facts the Circuit Court found for plaintiff in about the amount warranted by the testimony as to value. This was substantially affirmed by the General Term (District Judge dissenting), and defendant appeals.

*McJunkin & Henderson* for the appellant :

I. The obligation of adjacent owners of lands to build and maintain partition fences has no foundation in the common law, but rests entirely on local statutes. 3 Kent's Com. 438 ; *Rust* v. *Low*, 6 Mass. 90 ; *Moore* v. *Lent*, 25 Ala.; *Richardson* v. *Milburn*, 11 Md. ; *Knox* v. *Lacker*, 48 Maine, 373 ; *Bush* v. *Barnard*, 1 Cowen, 78 ; *Haladay* v. *Marsh*, 3 Wend. 142 ; *Little* v. *Lathrop*, 5 Greenl. 356 ; *Clark* v. *Brown*, 18 Wend. 220.

II. Where a statute creates a new right, and also provides the remedy for the violation of that right, that remedy is exclusive. " The party aggrieved must pursue that remedy and cannot resort to any other." *Almy* v. *Haines*, 5 Johns. 175 ; *Smith* v. *Drew*, 5 Mass. 514 ; *Rust* v. *Low*, 6 id. 100 ; 39 Maine, 528 ; *Eames* v. *Patterson*, 8 Greenl. 81 ; 5 Pick. 123 ; *Hamburg* v. *Lockwood*, 25 Barb. 9 ; *Richardson* v. *Milburn*, 11 Md. 340 ; *Turnpike Co.* v. *Coventry*, 10 Johns. 388 ; *Sadmore* v. *Smith*, 13 id. 322 ; *Clark* v. *Brown*, 18 Wend. 221.

III. The statute of this State creating the obligation of adjacent owners to contribute ratably to the erection and maintenance of partition fences provides the remedy for the enforcement of that right, and the remedy provided

is, therefore, exclusive of any other remedy. See chapter 61 of Revision, in connection with authorities cited in two preceding propositions.

*Patterson & Rhinehart* for the appellee.

WRIGHT, J.—In our opinion, the application of one plain principle to the facts of this case must result in its reversal. And that is, that when a statute creates a liability and gives a right not known to the common law, —such statute at the same time giving a specific mode for the assertion of the right—that mode and that alone must be pursued.

Now, defendant's obligation to erect, maintain or contribute to this partition fence, in the absence of prescription or agreement, rests entirely on statute, and is unknown to the common law. Chapter 61 of the Revision, on the subject of fences, creates this obligation, and prescribes the method of settling all controversies in relation thereto, to wit: by applying to the fence viewers. These viewers are made a special tribunal for the adjudication of the rights of adjoining owners, and the statute (assuming plaintiff's fence to be sufficiently on or near the division line) covers the very case made by plaintiff's petition.

There is no *agreement* shown by the facts found, upon which plaintiff can recover, nor any thing like prescription set up or established ; nor are there any circumstances to take the case out of the rule stated. It is sufficient to cite the cases following: *Cole* v. *City of Muscatine*, 14 Iowa, 296 ; *Macklot* v. *City of Davenport*, 17 id. 379.

The cases to which appellee refers (*Schnare* v. *Gehman*, 9 Iowa, 283 ; *Talbot* v. *Blacklege*, 22 ib. 572) do not touch the question here ruled. In the *first*, the fence for which plaintiff sued was built *after notice by defendant*, an adjoining proprietor, and who already had a fence, to

build the same; and the facts were such, that the court held that an *agreement* to pay might be inferred. In the *second*, the action of the fence viewers was assailed, and the questions made relate to the validity of their proceedings. That case favors, rather than otherwise, the order now made that this judgment must be

Reversed.