BILLS v. BELKNAP.

1. **Fences**: FENCE VIEWERS: JURISDICTION. To confer jurisdiction upon fence viewers, the fence respecting which they determine must be in fact a partition fence; and they cannot conclude a party by determining that to be a partition fence which is not.

2. ———: AGREEMENT OF PARTIES. Agreements of adjacent owners that there shall be a lane and no partition fence between their premises, need not be in writing.

*Appeal from Jones Circuit Court.*

WEDNESDAY, APRIL 22.

ACTION to recover double the value of a portion of fence erected by plaintiff upon the line separating his premises from those of defendant. Jury trial. Judgment and verdict for defendant. Plaintiff appeals. The facts are stated in the opinion.

*G. W. Field*, for appellant.

*Scott & Ercanbrack*, for appellee.

DAY, J.—Plaintiff and defendant own farms adjoining upon a line running north and south, and partly upon a line running east and west. A controversy having arisen as to the obligation to maintain partition fences, plaintiff called upon the fence viewers to determine the matter, and they decided that Bills should build upon the line betweed him and defendant, running north and south fifty-five rods of fence, and complete the same within six months, and that defendant should build on said line twenty-five rods of fence, and upon the line

between him and plaintiff running east and west, thirty rods, and complete the same within the same period.

Defendant having failed to build the fence allotted to him, plaintiff built the portion of it situated on the line running east and west.

The township trustees examined it, found it sufficient, and appraised its value at $30.71.

For double that amount, with the fees of the fence viewers and township clerk, plaintiff sues. The evidence shows that a lane has always been maintained between the premises of defendant and of the adjoining owner, along the lines in question, the lane running north and south, being, for the most part from fifteen to twenty feet wide, and the one running east and west forty-eight feet wide, and communicating with a highway, known as the Anamosa and Wyoming road, which, to the point of intersection runs south-east, and thence east past defendant's premises. Plaintiff purchased his premises in 1868. Snyder, who formerly owned the forty west of defendant, had his fence about a rod west of his east line. When plaintiff bought he caused the line running north and south between him and defendant to be surveyed, and he moved his fence out upon this line. From this survey it was discovered that a portion of defendant's fence, at the north end was upon plaintiff's premises. Defendant moved this back upon his own premises. Evidence was introduced, tending to show that this was done with plaintiff's consent and acquiescence, but as to this the testimony is conflicting.

At the time the fence viewers made their allotment, both lanes were entirely on the defendant's premises.

The jury, amongst others, returned the following special findings:

1. Do you find that there has been a road around defendant's premises, and between the plaintiff's and defendant's premises, and wholly on defendant's lands? Ans. We find a lane.

2. How long has said road been in existence? Ans. Ten years or more, with temporary obstructions.

3. Did plaintiff agree with defendant some three years ago,

that defendant should set his fence back upon his own land, and have a road thereon for the use of both parties, and did said defendant so construct said road some three years ago, and has the same been used by both parties agreeable to said agreement, and is the said road now used, and has the same been so used by both parties ever since the same was so constructed, by said defendant under said agreement? Ans. Yes.

4. How wide is the road along the premises on which plaintiff's fence in dispute is situated? Ans. Forty-eight feet.

5. Has any agreement or arrangement been entered into by the parties since said agreement, referred to in interrogatory three hereof, or since defendant constructed the said road as agreed upon, abrogating or discontinuing said road? Ans. No.

7. Has said road been also used since the same was constructed by defendant, as stated in interrogatory three hereof, by the public for cattle and otherwise, and is the same now so used? Ans. Yes.

8. Is said road necessary for the defendant and for the public? Ans. For defendant, and convenient for the public.

9. Has said road ever been inclosed, so as to prevent the use thereof, as agreed upon by the parties? Ans. Temporarily.

These findings are fully sustained by the evidence. The plaintiff asked the court, in various forms, to instruct the jury that the action of the fence-viewers was conclusive of the plaintiff's right to recover. The court refused to give these instructions, and instructed in substance that the presumption is, from the action of the fence-viewers, that plaintiff is entitled to recover; that this presumption is not conclusive, but may be rebutted by evidence clearly showing that defendant ought not to have been required to erect the fence; that if, when the trustees were called to decide the controversy, defendant's fence was at a sufficient distance from that of plaintiff to leave an ordinary lane of sufficient width to afford a ready and safe passage for stock, and that the lane was reasonably required for defendant's convenience, and was used and opened by defendant so

1. FENCES: fence-viewers; jurisdiction.

as to be of easy and practicable use, and kept open as a lane, they should find for defendant; and that if they found the fence was moved back, and the lane maintained pursuant to an oral consent given by plaintiff, they should find for defendant.

These various rulings are assigned as error.

I.   It is claimed that the remedy provided upon application to the fence-viewers is exclusive, and that their decision, when made, is conclusive.   This is true, we think, when the matter upon which they pass is within their jurisdiction.   But in order to confer jurisdiction, the fence respecting which they decide must be in fact a partition fence.

They can not conclude a party, using his land in common, and not wishing it inclosed, by a determination that he shall erect a partition fence.   It is only the respective owners of lands inclosed with fences who are required to maintain partition fences between their own and the next adjoining enclosure.   Code, § 1498.   No person not wishing his land enclosed, and not occupying nor using it otherwise than in common, shall be compelled to contribute to erect or maintain any fence between him and an adjacent owner.   Code, § 1495.   The jurisdiction of the fence-viewers extends to the assignment to the respective owners of adjoining premises of their portions of a partition fence, and to other questions respecting the erection thereof and the value of the same.   Code, §§ 1490, 1491, and 1492.   But they can not conclusively bind a party by determining that to be a partition fence which in fact is not.

The jury found specially that, contiguous to the fence for which plaintiff sues, defendant owns a strip forty-eight feet wide which is not enclosed, but which is a lane kept open by him and necessary for him.   The fence upon the line in controversy is not therefore a partition fence, and defendant is not bound by the decision of the fence-viewers that he should erect and maintain it.

II.   It is claimed that an agreement respecting the maintaining of a lane is valid, under § 1499 of the Code, only when 2. ——: agreements of parties. in writing.   It is clear that that section applies only to a division of a partition fence between respective owners, and an allotment by the fence-viewers, or by

agreement in writing, to each, of the portion he shall build. It is plain that this section has no reference to an agreement that there shall be a lane, and no partition fences, between adjacent premises. In § 1506 of the Code it is provided that the provisions of the chapter respecting partition fences do not preclude agreements by the parties. This section contains no intimation that the agreements must be in writing.

We discover no error in the record.

AFFIRMED.