S. W. FARMER, Appellant, v. SARAH YOUNG, Appellee.

1. **Partition Fences:** CONTRIBUTION BY ADJACENT OWNER: CONSTRUCTION OF STATUTE. · A land owner who encloses a part only of his land by connecting with a boundary line fence, is not required, under sections 1495 and 1498 of the Code, to erect or pay for a fence on the boundary line between the unenclosed portion and the land of the adjacent proprietor, but is liable only for a share of said fence on the land which is enclosed.

2. ——: FENCE VIEWERS. JURISDICTION. The fence viewers of a county have jurisdiction only of partition fences, and a finding by them that a landowner shall erect or pay for one-half of an entire boundary line fence, only a portion of which is a partition fence within the meaning of the statute, is invalid, and no right for the recovery of one-half of that portion, which is in fact a partition fence, can be based thereon.

*Appeal from Madison District Court.*—HON. J. H. APPLEGATE, Judge.

MONDAY, OCTOBER 17, 1892.

ACTION on the award of fence viewers. There was a trial by jury, and a verdict for the defendant. A motion for a new trial, filed by the plaintiff, was overruled, and he appeals.—*Affirmed.*

*Steele & Robbins*, for appellant.

*Dabney & Guiher*, for appellee.

ROBINSON, C. J.—The plaintiff and defendant are the owners of adjoining tracts of land. The plaintiff built a fence one hundred and twenty rods in length on the boundary line between the tracts. He claims that it is the duty of the defendant to pay for or rebuild one-half of it as a partition fence, and submitted the matter to the fence viewers. They found that the defendant should pay the value of one-half the fence, fixed at

fifteen dollars and costs, and provided that, in case she should elect to rebuild it, she should rebuild the west part, sixty rods in length. The defendant having refused to pay the amount found due, or rebuild the fence, the plaintiff brought this action to recover that amount, with costs.

It appears that the defendant's land, which is south of that of the plaintiff, has been inclosed for fourteen years by a fence nearly parallel to that of the plaintiff, the west end being forty-one feet and the east end ninety-nine feet south of it. After he built that fence the defendant joined her fence to it at a point forty-four rods from its west end. This left an unenclosed strip of the defendant's land five rods wide at its west end and six rods wide at its east end, covered with small brush. The trial judge certified to this court for determination the following questions: *First.* Did the defendant, by using the forty-four rods of the plaintiff's fence, become liable to maintain one-half of the one hundred and twenty rods of fence built by the plaintiff between his land and the adjoining land of the defendant? *Second.* Did the fence viewers exceed their jurisdiction in finding that the defendant should maintain the one-half of the one hundred and twenty rods of fence, and, if so, was their finding entirely void, or should the plaintiff recover on the finding of the fence viewers the value of one-half of the fence actually used?

I. Section 1498 of the Code provides as follows: "When land which has lain uninclosed is inclosed, the owner thereof shall pay for one-half of each partition fence between his land and the adjoining lands, the value to be ascertained by the fence viewers; and if he neglect for thirty days after notice and demand to pay the same the other party may recover, * * * or he may, at his election, rebuild and make

1. PARTITION fences: contribution by adjacent owner: construction of statute.

half of the fence. * * * '' It is contended that under the provision quoted the defendant is liable to pay for or to build and maintain one-half the fence on the entire boundary line. This is controverted by the defendant, who insists that she is so liable only as to the fence required on that part of the boundary line to which the inclosed portion of her land actually extends, or for one-half of forty-four rods. In order to reach a just conclusion, the various provisions of the statute in regard to partition fences should be considered. Section 1495 of the Code is as follows: "No person not wishing his land inclosed, and not occupying nor using it otherwise than in common, shall be compelled to contribute to erect or maintain any fence between him and an adjacent owner; but when he incloses, cultivates, or uses his land otherwise than in common, he shall contribute to the partition fences as in this chapter provided." This section does not require the owner who incloses a part only of his land to pay for or erect a fence on the boundary line between the uninclosed portion and the land of an adjacent owner. In this case defendant was under no obligation on account of the fence on the boundary line until she connected her fence with it. By making that connection she became liable to pay for or erect a share of that portion of the fence which she thereafter used, but incurred no liability for the remainder.

II. It was said in *Bills v. Belknap*, 38 Iowa, 225, that fence viewers have jurisdiction of fences which are in fact partition fences, and that they cannot conclusively bind a party by determining that to be a partition fence which is not. Applying the doctrine of that case to the facts of this, and it follows that the fence viewers had no jurisdiction of seventy-six rods of the fence in controversy, and the finding was therefore invalid. It is said, however, that as to forty-four rods they had juris-

2. ——: fence viewers: jurisdiction.

diction, and that the plaintiff should recover one-half of its value. But the finding was an entirety, applying to one hundred and twenty rods of fence. We cannot say that the fence was of equal value throughout its entire length. Moreover, the law has clothed the fence viewers with power to determine the value of partition fences and their jurisdiction is exclusive. *Bills v. Belknap*, 38 Iowa, 228; *Lease v. Vance*, 28 Iowa, 511. Where they have acted in the manner required by law, it is the right of the land owner in default to elect whether to pay one-half the value of the fence, as found by the fence viewers, or to rebuild and make one-half the fence.

We conclude that the judgment of the district court is right; therefore it is AFFIRMED.