CHICAGO, ROCK ISLAND and PACIFIC RAILROAD COMPANY, Plaintiff,

v.

TEN (10) PARCELS OF REAL ESTATE LOCATED IN MADISON COUNTY, IOWA, and the Record Owners Thereof, etc., Defendants.

Civ. A. No. 3-841.

United States District Court
S. D. Iowa,
Central Division.
Jan. 28, 1958.

A. B. Howland and B. A. Webster, Jr., Des Moines, Iowa, for plaintiff.

Shirley A. Webster and Robert O. Frederick, Winterset, Iowa, Allan A. Herrick, Herschel G. Langdon and David W. Belin, Des Moines, Iowa, John N. Hartley, Daniel J. Gallery, Winterset, Iowa, for defendants.

HICKLIN, District Judge.

On November 15, 1957, plaintiff, Chicago, Rock Island & Pacific Railroad Company filed in the office of the Clerk of this Court its complaint, in which it seeks to condemn certain parcels of real estate located in Madison County, Iowa, for railroad purposes.

The complaint alleges all requisite jurisdictional facts, including diversity of citizenship, jurisdictional amount, and compliance with Iowa statutes as to the issuance of certificates authorizing condemnation proceedings, by the Iowa State Commerce Commission. The complaint also complies with the provisions of Rule 71A, Federal Rules of Civil Procedure, 28 U.S.C.A.

To this petition certain of the defendants, claiming to be record owners of some of the parcels of real estate, have filed motions to dismiss the proceedings, in which they challenge the jurisdiction of this Court over the subject matter. (Since the submission of this case, two owners of the tracts of land have settled with the railroad.) Their motions are based on the following contentions:

a. That Section 1332 of Title 28 U.S.C.A., provides that the District Courts shall have original jurisdiction of all civil actions wherein the controversy exceeds the sum of $3,000 and there is diversity of citizenship, but they aver this proceeding is not a civil action as contemplated in the statute.

b. That by virtue of Section 1441 of Title 28 U.S.C.A., jurisdiction can be obtained by removal proceedings from the State court of Iowa, but that this case would not be removable at this stage of the proceedings because it is not a civil action, and that the law requires that it proceed beyond a point at which it consists of an administrative proceeding or "inquest," in the manner prescribed by the State laws of Iowa, before it can be transferred to the Federal court.

Plaintiff is proceeding upon the theory that it has an express right to bring this action under the provisions of Section 1332. Defendants charge that plaintiff is seeking to acquire jurisdiction under Rule 71A, and claim that plaintiff's attempt to bring the action is in violation of Rule 82 of the Federal Rules of Civil Procedure, which provides that:

"These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

In other words, defendants interpret Rule 71A as being of itself a vehicle which is used to *acquire jurisdiction*.

It is conceded that the proceedings under which the railroad company is attempting to take the real estate arise by virtue of the eminent domain proceedings of the State. This statute, however, by Section 471.6 of the Code of Iowa, I.C.A., specifically grants the right of eminent domain to a railway. Defendants further take the position that the condemnation proceedings under the Code of Iowa are a mandatory condition which is attached to the right of condemnation. In other words, they claim that if the railway company is to condemn under the Iowa law it must therefore follow the Iowa statutory proceedings strictly, which provide for the appointment of a commission of six freeholders of the county to assess damages, and generally lays out the duties and further procedures of the commission, I.C.A. § 472.4 et seq. It has been frequently held that this procedure is not a judicial proceeding nor a civil action and that in fact it

does not become a suit of a civil nature until it has been appealed to the State District Court of Iowa and thereby becomes removable to the Federal court.

██ Defendants cite and rely upon the early Iowa decision of Cole v. City of Muscatine, 1862, 14 Iowa 296. This was a proceeding under which a plaintiff sought damages done by the City of Muscatine for digging up and carrying away the earth from the street in front of their property, which was done by the City under its power to establish and alter the grades of streets. The statutory law under which the City acted provided a specific manner in which the damages should be ascertained by a commission, and as a result thereof the Supreme Court of Iowa held that the property owner who was damaged, could not claim the remedy which was afforded by the law and reject the mode therein pointed out for obtaining such redress. The opinion quoted a former opinion, which said:

> " 'the well known principle applies, that where a statute gives a right and creates a liability which did not exist at common law, and the statute at the same time provides a specific mode in which such right shall be asserted and liability ascertained, that mode and that alone must be pursued.' "

Defendants interpret this to mean that if the railway company condemns under Iowa law it must be limited to following the specific procedure set out by the Iowa statutes. But it is of course fundamental that no state statute can confer jurisdiction upon a Federal court, and equally fundamental that the mere procedural statutes of a state may not limit the jurisdiction conferred on Federal courts by the Constitution and laws of the United States. These propositions are too well settled to require extensive citation of authority, but see Penn. General Casualty Co. v. Com. of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850.

Plaintiff has had previous experience in this Court as a condemnor. This arose most recently in the case of Chicago, R. I. & P. R. Co. v. Stude, 346 U.S.

574, 74 S.Ct. 290, 98 L.Ed. 317, and in allied cases. The railroad initiated its condemnation proceeding by making application to the Sheriff of Pottawattamie County, Iowa, pursuant to Iowa statutes (Chapter 472, Code of Iowa 1954, I.C.A.). There were actually two courses followed thereafter:

1. Awards were made to the landowners and the railroad then sought to appeal directly to the Federal court.

2. An appeal also was taken to the State court pursuant to the statutory Iowa proceedings, and the railroad attempted to remove the causes to Federal court as a defendant in a civil action. Thus, the railroad company actually was attempting to enter the jurisdiction of this Court astride two horses—one attempt being to appeal directly into the Court from a State administrative proceeding, and the other being an attempt to remove by the defendant from civil court proceedings. The railway failed to hit the door on either horse.

My predecessor, the late Honorable William F. Riley, dismissed the complaint of the railroad company on its first contention; that is to say, its attempt to appeal to the Federal court, in the following language, Chicago, R. I. & P. R. Co. v. Kay, D.C., 107 F.Supp. 895, at page 902:

> "There is nothing in the Iowa or the federal statutes, or in the adjudicated cases that we have found, or in Rule 71A, which permits a condemnor to bring the commissioners' award directly to this court for review. * * * Therefore, the motions to dismiss the complaints * * * will be sustained."

However, he sustained the right of the railroad company to remove the proceedings from the State court. In this respect, he said, at page 904:

> "The right to remove proceedings to this court applies to actions which could have been brought in this court in the first instance. * * *
>
> "An action to condemn land is a civil action within the meaning of

this section and may be brought in the federal court of the district in which the land lies. Franzen v. Chicago M. & St. P. Ry. Co., 7 Cir., 278 F. 370; Boom Co. v. Patterson, 8 Otto 403, 98 U.S. 403, 25 L.Ed. 206. * * *

"The effect of the rule therefore, as I interpret it, is to provide for a condemnor undertaking to exercise the power of eminent domain under the law of a state, the means to proceed in this court in the first instance if jurisdiction resides here under Sec. 1332, Tit. 28, U.S.C. To hold otherwise would have the effect of depriving a citizen of another state of rights conferred upon him by Sec. 1332 to commence an action here. It would be equivalent to amending Sec. 1332 by inserting what we have italicized so that it would read thus: 'The district courts shall have original jurisdiction of all civil suits *except those involving the exercise of the power of eminent domain* (italics) where the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and is between: (1) Citizens of different states.'

* * * * * *

"One having the right to come here initially in condemnation proceedings surely cannot go partly down the road of the state procedure and then cut across from the sheriff's commissioners' award to this court. There is no such path defined."

The Court of Appeals, Chicago, R. I. & P. R. Co. v. Stude, 8 Cir., 204 F.2d 116, 122, affirmed the lower court in its decision on point 1, that there was no right of appeal to Federal court from the commissioners' award for damages, but reversed Judge Riley by holding that the railroad company was not a defendant within the meaning of the removal statute and could not therefore remove the appeal of the condemnation proceedings from State court into Federal court. In its holding, however, the Court said:

"The question of whether the Rock Island could have initiated the proceedings in the United States District Court is not before us for the simple reason that it did not do so and hence the propriety of such action is not presented. We express no opinion on that subject."

Further, on rehearing before the Circuit Court of Appeals, 8 Cir., 204 F.2d 954, the Court reviewed its decision and compared the result thereof with the case of Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424, in which case the Court observed that condemnor had commenced his original proceeding in the Federal court, and also observed that the condemnor in the Stude case did not do so, for which reason the C. R. I. & P. Railroad complaint could not be treated as having created an original action in the Federal court. It reiterated the statement, however, that the Iowa Legislature could not restrict or enlarge jurisdiction of the Federal court by procedural statute. It added by saying: "It may well be that if this action had been commenced in the United States District Court, that court would have had jurisdiction."

The Supreme Court of the United States, Chicago, R. I. & P. R. Co. v. Stude, supra [346 U.S. 574, 74 S.Ct. 295], affirmed the judgment of the Court of Appeals, and it is significant that the dissenting opinions indicate approval of Judge Riley's statement above quoted; while the majority opinion noted:

"The Federal Rules of Civil Procedure do have elaborate provision for procedure in the federal court in condemnation proceedings. It is obvious that the petitioner was not proceeding under these Rules. Whether it could so proceed as an original action in the United States District Court for the Southern District of Iowa is not before us."

Mr. Justice Black in his dissenting opinion said: "I think the railroad has a right to have its case tried in the United States District Court." Mr. Justice Frankfurter, also dissenting, states:

"If the Rock Island had decided to initiate this suit in the United States District Court for the Southern District of Iowa, as it was unquestionably entitled to do since there was diversity of citizenship, Madisonville Traction Co. v. St. Bernard Mining Co., 196 U.S. 239, 25 S. Ct. 251, 49 L.Ed. 462, the procedure defined by the Iowa Code would, under Rule 71A(k) of the Rules of Civil Procedure, have had to be followed."

We hold that Rule 71A neither creates any substantive rights nor enlarges the jurisdiction of the court, but merely that it prescribes a procedure to be followed where Federal jurisdictional requirements are already present. To otherwise hold by sustaining defendants' motions to dismiss, would mean that we would effectually deprive the plaintiff of its well established right to invoke the jurisdiction of a Federal court in a civil action where diversity of citizenship and jurisdictional requirements were present.

The decisions in the Stude case in the Court of Appeals and in the Supreme Court of the United States make it plain that if the condemnor were here to initiate its condemnation proceeding in Madison County under State law, it could not thereafter proceed in the United States District Court either as a plaintiff, or as a defendant by removal proceedings. It has followed the only method by which it can avail itself of its right to trial in Federal court.

Rule 71A makes no provision for the filing of motions to dismiss. It requires a landowner to serve his answer to the complaint upon condemnor's counsel within twenty days after service of the notice. In this case, however, no question has been raised as to the right of the landowners to file motions to dismiss. It has been done by raising the jurisdictional question. The Rule contemplates that all defenses shall be raised in a single pleading, and that the court shall promptly dispose of the matter. The Clerk will accordingly enter the following

### Order

It is hereby ordered that the motions to dismiss filed on behalf of the landowners be, and the same are, overruled.

It is further ordered that the defendants shall serve plaintiff's counsel within ten days after the date of this order with their answers to the complaint, setting up any defenses which they may assert in the condemnation proceedings.