# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0075
Filed January 7, 2026

———————————

**Robert L. Teig,**

Plaintiff–Appellant,

v.

**City of Cedar Rapids, Cedar Rapids City Council, Tiffany O'Donnell, Patrick Loeffler, Marty Hoeger, Ashley Vanorney, Tyler Olson, Ann Poe, Scott Overland, Dale Todd, and Scott Olson, in their Official Capacities,**

Defendants–Appellees.

———————————

Appeal from the Iowa District Court for Linn County,
The Honorable Lars G. Anderson, Judge.

———————————

**AFFIRMED**

———————————

Robert L. Teig, Cedar Rapids, self-represented appellant.

James L. Sines of Ackley, Kopecky & Kingery, Cedar Rapids, attorney for appellees.

———————————

Considered without oral argument
by Tabor, C.J., and Ahlers and Langholz, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

Robert Teig appeals from a district court order concluding (1) it did not have jurisdiction to order contribution for a fence erected on Teig's property absent a fence viewer decision to review, (2) it would not order contribution under Teig's various other proposed theories for contribution, and (3) Teig failed to adequately seek a writ of mandamus to require fence viewers to reach a decision. We affirm.

## I.     Facts and Prior Proceedings

The facts of this case are largely undisputed. Teig rebuilt a fence on his property located in the City of Cedar Rapids (the "City") because it was in disrepair. One segment of the fence runs roughly parallel to the City street abutting Teig's property, as shown by this photo:



Relying on Iowa Code section 359A.1A (2023), Teig asserted that the segment of the fence running roughly parallel to the City street is a partition fence and he was therefore entitled to contribution from the City as an adjoining

property owner. He demanded contribution from the City for one-half the cost of that segment of the fence or the convening of fence viewers if the City refused to contribute. *See* Iowa Code § 359A.2A(1) (requiring fence viewers to "hear and decide all questions related to matters that are part of the controversy"). The City sent a responsive letter informing Teig that the City would not contribute to the cost of the fence. The City's letter did not address Teig's alternative request to convene fence viewers, and no fence viewers convened to resolve the controversy.

Teig filed a petition in equity seeking contribution from the City for one-half the cost of the segment of the fence at issue. His petition also addressed his claim that the City and its council members failed to honor his request that fence viewers resolve the dispute. The petition's prayer for relief included a request for compensation and "any other appropriate relief."[1] In the lead up to trial, Teig submitted a trial brief setting forth his claims in more detail.

Following a trial, the district court ruled that, even if it assumed that the segment of the fence at issue is a partition fence governed by Iowa Code chapter 359A, it lacked jurisdiction to award Teig compensation without a fence viewer decision to review. It also denied Teig's claims for contribution based on theories of unjust enrichment, general equitable principles, and substantive and procedural due process violations. The court also declined to issue an injunction or writ of mandamus compelling "future compliance," finding such claims too generalized to warrant relief. The court's ruling did not address whether fence viewers were required to be assembled to resolve the dispute. Though acknowledging that Teig may have a right to appointment of fence viewers, the court concluded that was "a right he has not asked to be enforced." The court also denied Teig's motion to reconsider

---

[1] The petition also included claims related to an easement dispute, but Teig dismissed those claims before trial. Those claims were not presented to the district court and are not issues before us on appeal.

asking it to address his alternative claim for a writ of mandamus requiring the convening of fence viewers. Teig appeals.

## II. Standard of Review

Our review of fence-viewer decisions is typically for correction of errors at law. *Gravert v. Nebergall*, 539 N.W.2d 184, 186 (Iowa 1995). However, mandamus actions are equitable actions, so our review is de novo. Iowa Code § 661.3; Iowa R. App. P. 6.907.

## III. Analysis

### A. Jurisdiction

Iowa recognizes "no common law duty for landowners to fence their property." *Longfellow v. Sayler*, 737 N.W.2d 148, 153 (Iowa 2007). However, when a landowner makes a written request to the owner of an adjoining tract of land, those landowners must "erect and maintain partition fences, or contribute thereto, and keep the same in good repair throughout the year." Iowa Code § 359A.1A. When a controversy arises under this statute, the trustees of the township "shall serve as fence viewers" and "shall have authority to hear and decide all questions related to matters that are part of the controversy." *Id.* § 359A.2A(1). There is a twist when "a city constitutes one or more civil townships the boundary lines of which coincide throughout with the boundary lines of the city." *Id.* § 359.24. In that instance, "the offices of township clerk and trustee are abolished," *id.*, and the duties of those offices are imposed on the city clerk and city council respectively, *id.* § 359.25. That is the situation Teig contends we have here, so he contends the Cedar Rapids City Council became obligated to fulfill the duties of township trustees referenced in Iowa Code chapter 359A. He contends he wrote a letter to the City and its council members requesting monetary contribution for the fence or the convening of fence viewers if contribution was denied. The City responded by denying the request for contribution. But

4

the City failed to address Teig's alternative request for convening fence viewers. Teig contends his letter and the City's response established that a controversy over contribution for the fence existed, and the existence of a controversy triggered the obligation to convene fence viewers to resolve the controversy. *See id.* § 359A.2A; *Lease v. Vance*, 28 Iowa 509, 511 (1870) (holding that fence viewers required by statute are "a special tribunal for the adjudication of the rights of adjoining owners"). When that did not happen, Teig initiated this suit.

We agree with the district court that the absence of a fence viewer decision is fatal to Teig's claim for contribution under the fence-viewer statute because "the law has clothed the fence viewers with power to determine the value of partition fences, and their jurisdiction is exclusive." *Farmer v. Young*, 53 N.W. 279, 280 (Iowa 1892). And "when a statute creates a liability and gives a right not known to the common law,—such statute at the same time giving a specific mode for the assertion of the right—that mode and that alone must be pursued." *Lease*, 28 Iowa at 511. Because the statute requires fence viewers to decide controversies related to partition fences and that jurisdiction is exclusive, the district court correctly determined that it did not have jurisdiction to decide the issues here without a decision by the fence viewers. We also agree with the district court's reasoning and decision rejecting Teig's claims based on unjust enrichment, general equitable principles, and claimed substantive and procedural due process violations. We agree with the district court's reasoning rejecting these claims and affirm that part of the district court's ruling without further elaboration.

### B. Mandamus to Require the City to Convene Fence Viewers

We turn next to Teig's alternative claim that he is entitled to a writ of mandamus requiring the convening of fence viewers. We start by noting that mandamus "is a drastic remedy to be applied only in exceptional circumstances." *Hewitt v. Ryan*, 356 N.W.2d 230, 233 (Iowa 1984). Assuming

without deciding that the fence-viewer statute even applies to Teig's fence built adjacent to a city right of way, we reject Teig's alternative claim for mandamus.

In its initial ruling, the district court did not address this claim other than to find that Teig did not ask for this remedy. Teig filed a motion under Iowa Rule of Civil Procedure 1.904(2) asking the court to reconsider and address the merits of his claim for mandamus. In his motion, Teig contended that he did ask for this remedy and the court overlooked it. Teig claimed that he asked for this remedy via a paragraph in his petition's prayer for relief that asked for "other appropriate relief" and a footnote in his trial brief.[2] The district court disagreed and denied Teig's motion, stating: "The court's recollection is that at trial [Teig] was clear that he did not need or want a writ. He wanted contribution. This is consistent with [Teig]'s filings. A passing reference in a footnote of a trial brief does not change this."

Like the district court, we conclude that Teig failed to properly seek this remedy. A reference in his petition's prayer for relief that asks for "any other appropriate relief" is not sufficient to put either the City or the court on notice

---

[2] The footnote at issue reads:

> Without providing any supporting authority, the City previously argued [Teig]'s proper remedy was to seek mandamus ordering the City to provide fence viewers; possibly some type of exhaustion argument? If that is still the City's argument, it is wrong. [Teig] did everything required by chapter 359A, and equity does not demand a "useless and futile undertaking." [*Lovrien v.*] *Fitzgerald*, 66 N.W.2d [458,] 463 [(Iowa 1954)]. If the City intended to comply with chapter 359A, it would have already done it. A court order to provide fence viewers would be a useless act that would only bring us back to court months from now. The Court then would be faced with the same task it faces today—to decide the matter de novo.

> Only if the Court decides there is no other remedy should it issue a writ of mandamus ordering the City to fulfill the statutory duty it should have fulfilled five years ago. The Court can do that because the Petition requested "any other appropriate relief."

that Teig was seeking mandamus. Likewise, an unclear—and arguably contradictory (i.e., that part of the footnote that refers to a writ of mandamus as "a useless act")—reference to mandamus in a footnote of Teig's trial brief also failed to properly raise this issue. We find no error in the district court's decision to refuse to consider Teig's alternative claim for mandamus based on the conclusion that Teig failed to raise it.

## IV. Conclusion

We affirm the district court's decision that it lacked jurisdiction to resolve Teig's claim for contribution for a segment of his fence under Iowa Code chapter 359 due to the lack of a fence viewer-decision. We likewise affirm its denial of Teig's alternative theories for recovery of contribution from the City.

We also affirm the district court's rejection of Teig's alternative claim for mandamus, as he failed to properly raise the issue for the court's consideration.

**AFFIRMED.**