## LOTT, Tax Collector, vs. HUBBARD.

[ACTION AGAINST TAX COLLECTOR TO RECOVER MONEY PAID UNDER PROTEST
FOR TAXES.]

1. *Revised Code; § 435 of, construed.*—Under § 435 of the Revised Code, all persons residing in this State were liable to pay the tax imposed by said section upon their incomes, *from whatever sources derived,* unless such incomes were derived from the gross receipts, gross commissions, or gross profits of such persons, upon whose gross receipts, commissions, or profits, taxes were assessed under the provisions of § 434 ; and such persons only are embraced within the letter or spirit of the proviso, of said § 435, upon whose gross receipts, commissions, or profits, taxes were assessed under the provisions of § 434.

2. *Income; what subject to taxation.*—Upon the agreed statement of facts upon which this case was tried, the income of the appellee, derived from the mercantile firm of which he was a member, was "liable to taxation."

3. *Tax assessor, duty of, on refusal of tax payer to give in income.*—If a tax payer refuse to give in his income to the assessor, it is the duty of the assessor to ascertain its amount from inquiry or otherwise, to the best of his information and judgment. If in discharging this duty, acting in good faith, the assessor fixes the amount of such income at a larger sum than it in fact amounted to, and assessed it at the sum thus ascertained by him, such assessment is legal, notwithstanding the mistake ; and the collection of the tax, so assessed by the tax collector, is also legal.

4. *Tax collector; liabilities and duties of.*—The tax collector has no authority to alter or change the assessment of taxes delivered to him to be collected ; he can neither increase nor diminish the tax of any individual. It is the duty of the tax collector to collect the taxes of all persons as he found them stated in the assessment, and in doing this he subjects himself to no liability on account of errors in the assessment. The tax collector is bound to presume that the assessment has been corrected by the court of county commissioners, as provided by § 534 of the Revised Code.

5. *Income; what does not exempt from taxation.*—Income derived from an independent source, is not exempted from the income tax imposed by § 435, because it has been applied to the payment of a debt due for rea'

estate, purchased on a credit, and upon which real estate a tax has been assessed and paid for the same period within which such income accrued.

APPEAL from Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.

This was an action brought by the appellee against the appellant to recover money had and received by the defendant, to and for the use of the plaintiff.

The case was tried by the court, without the intervention of a jury, upon the following statement of facts, as an agreed case : " In this case it is agreed that the action is brought to recover the amount of certain taxes, which the plaintiff paid under protest to the defendant, (who then was, and still is, tax collector for Mobile county,) on the 13th of May, 18o8 ; that plaintiff was assessed in March, 1867, on $10,500 worth of real estate, (among other things, being for the house and premises then, and now, occupied by him as a residence,) and on $10,000 income; that said tax on real estate was for the year 1867, and on the income from October 1st, 1865, to December 31st, 1866; that plaintiff had purchased said real estate in September, 1865, and had paid the State and county taxes on the same for the year 1866, and that plaintiff had expended the whole of his income, realized between the 1st of October, and the 31st December, 1866, (after paying necessary expenses of living,) in paying the purchase-money for said real estate; and, in short, that he was taxed for the same period on his income, and on the real estate, in the purchase of which he had expended the whole of that income, and that the said assessment on the income was made after June 1st, 1867.

It is further agreed the plaintiff did not give in his income for taxation as above, when his tax list for that year was made up ; but declined to do so on the ground that said income was not liable to taxation, and that thereupon the assessor fixed the amount at $10,000, and the plaintiff applied to the court of county commissioners for relief against said tax on income, which was refused, and that

plaintiff afterwards paid said tax, protesting, nevertheless, that he was not liable therefor, and that said tax on $10,000 income amounted to $185.00. It is further agreed that exhibit A, hereto attached, exhibits the true income of plaintiff for the time between October 1st, 1865, and December 31st, 1866, which shows the same to have been $6,404; and the items claimed as deductions therein [which reduced his taxable income to $3,935,] were fairly and correctly stated.

Now, if upon the facts herein agreed, the court shall be of the opinion that said income was not liable to taxation, (by virtue of its having been entirely invested in real estate, which was taxed to plaintiff during the period it was earned,) then judgment shall be for the plaintiff for $185.00, with interest from 13th May, 1868, and costs. But if the court is of opinion that said income was liable to taxation, but that the amount of the same was wrongfully, and without authority, set down by the tax assessor at $10,000, then the court shall determine what deductions are to be allowed on said true income of $6,404; and the plaintiff shall have judgment for an amount equal to the State, county, and school tax, on the difference between such reduced income and $10,000, with interest from May 13th, 1868, and costs. If the court shall be of opinion that said income was liable to taxation, and was legally assessed and collected, then judgment shall be given for the defendant for costs, either party reserving the right of appeal, &c."

The court being of opinion that said income was not liable to taxation, gave judgment for the plaintiff for the amount of taxes on said income collected by the defendant, and to this judgment defendant excepted, and now assigns the same for error.

The cause was argued orally at the bar by Messrs. RA-PIER and McKINSTRY, for appellant, and by Mr. P. HAMIL-TON, *contra*, who filed a brief of Mr. Croom, for the appellee.

C. W. RAPIER, for appellant.—The income of the defendant from the 1st of October, 1865, to 31st December, 1866,

was assessed in conformity with sections 479 and 480 of the Revised Code. No question, however, is made on this point.

The investment of defendant's income in real estate on which he paid taxes for the current year, did not exempt him from the income tax. The statute gave no exemption for such cause. Income and land are distinct subjects of taxation.—See § 435, and subdiv. 2 of § 434 of Rev. Code.

The proviso in section 435 exempts only so much of the income of the tax payer as is composed of gross receipts, commissions, or profits on which taxes are assessed under the preceding section. Subdivisions 6, 7 and 12, of section 434, determine what income was exempt from the operation of section 435.

Revenue acts are not penal acts, and, therefore, are not to be construed strictly; nor are they acts in favor of private rights, and, therefore, to be construed liberally. They are to be construed according to the true import and meaning of their terms. They are not to be strained to reach cases not within their terms, nor to exclude cases clearly within them.—Smith's Com. on Stat. and Const. Construction, 714; *Adams v. Bancroft*, 3 Sumner, 387.

The construction contended for by defendant's counsel would defeat the plain intent of the law, and greatly impair the income tax. According to such construction, if the tax payer should hoard or lend out his income, or invest it in a steamboat, the income, as such, would not be subjected to a tax, because in such case it would be taxed in the steamboat or as hoarded or lent money.

By the constitution of 1865, there was no limit to the taxing power of the State, except as to taxes on lands. The tax in question was imposed when that constitution was in force. It could in no sense be regarded as a tax upon land. There could, then, be no constitutional objection to it.

S. CROOM, for appellee.—The income had been previously converted into real property for homestead.

The question is, was appellee liable to pay this double

tax on the same value. It arises. on the revenue act as found in the Revised Code.

Paragraph 2 of section 434 of the Revised Code levies a tax of three-tenths of one per cent. on real estate. Section 435 levies a tax of one per cent. on the annual gains, profits or income of every person residing in the State; *provided*, that any person shall be exempted from the operation of this section, upon whose gross receipts, commissions or profits, taxes are assessed under the provisions of the foregoing section.

The question, on the facts, is, is the appellee, who has paid tax on the real estate, liable to pay tax on his income which had been converted into this real estate?

1. Revenue laws are a burthen, and though not to be construed as penal laws, yet their burthens are not to be lightly extended.—3 Sumner, 387; Sedgw. Stat. 334.

2. It is certainly a principle of natural equity and justice, that a double taxation should not be exacted of the citizens.—See Acts 1859-60, p. 6.

3. The construction that will support the claim of the collector of taxes, would violate that principle. It is not claimed that double taxation is void, but that it will not be favored, and will not be exacted, unless it can not be avoided.

4. In this case, the act itself seeks to avoid this injustice, by the proviso attached to section 435.

5. It is contended that this case falls within that proviso. This income or profits of the year had been changed from money, which generally represents income, and had become real estate; though changed in form, it still represented the annual profit or income, and in its new form had paid the appropriate tax. The party had the right to make the change, and this does not affect the question.—1 Sumner, 159, 165.

Nothing can be argued against the right claimed, because the rate of tax on land is less than on income or profit. Such discriminations are constantly made in rates of taxation, and for reasons of which the taxing power is the rightful judge.—1 Sumner, *supra.*

If necessary to consider the matter, very good reasons

may be suggested why real estate should be taxed at the lowest rate, and below the tax on income and profits. A very good reason would be found in the desire to encourage immigration, and the investment of capital in permanent property.

6. The words of exemption used in the proviso to section 435 clearly cover this.

Wherever the gross receipts, the commissions or the profits of any person are taxed under section 434, they are excluded under section 435. The language is not, that the exemption shall be allowed only where the same property, which was income, has been taxed *under the name* of gross receipts, commissions, &c., under the previous section, but shall be exempt where taxes have in fact been assessed on the same property, without reference to name or form.

It is submitted, the judgment of the court below is clearly right.

PECK, C. J.—This case originated in the circuit court of the county of Mobile.

In that court the appellee was plaintiff, and the appellant defendant.

The action was brought to recover money had and received by defendant, to and for the use of the plaintiff.

The cause was tried by the court, upon certain facts stated and agreed upon by the parties, without the intervention of a jury.

Upon the facts stated, as an agreed case, judgment was rendered for the plaintiff, and thereupon, the defendant excepted to the ruling and decision of the court.

The case stated, and agreed on, by the parties, is set at length in the record.

On the case, thus made up by the parties, they agreed, that if the court should be of opinion that plaintiff's income, therein stated, was not liable to taxation, (by reason of its having been entirely invested in real estate, which was taxed to plaintiff during the period it was earned,) then judgment should be entered for the plaintiff for one hundred and eighty-five dollars, with interest from May 13th, 1868, and costs.

But if the court should be of the opinion that said income was " liable to taxation," but that the amount of the same was wrongfully and without authority set down by the tax assessor at ten thousand dollars, then the court should determine what deductions were to be allowed on said true income of $6,404, and the plaintiff should have judgment for an amount equal to the State, county and school tax, on the difference between such reduced income and $10,000, with interest from May 13th, 1868, and costs. But if the court should be of the opinion that said income was liable to taxation, and was legally issued and collected, then judgment should be given for the defendant, with costs.

The real estate referred to in said agreement was a house and premises occupied by plaintiff as a residence, estimated to be worth $10,500, and was taxed as real estate, under Part 2 of § 434 of the Revised Code.

This real estate was purchased by plaintiff, in September, 1865. This property was purchased partly, or wholly, upon a credit, and upon it he had paid the State and county taxes for the year 1866.

The income of plaintiff, upon which he was assessed, and upon which the tax was paid, under protest, accrued between the 1st day of October 1865, and the 31st day of December, 1866. This income was not realized from the said real estate, but grew out of the business of the firm of Hubbard & Tardy, of which the plaintiff was a member, between the said 1st day of October, 1865, and the 31st day of December, 1866.

This income the plaintiff did not give in to the assessor in writing, or otherwise, as an item upon which he was liable to be taxed, but refused to do so, upon the ground, as he insisted, that said income was not liable to be taxed, because he had applied it in payment of said real estate, so purchased by him as aforesaid. Thereupon, the assessor, under section 479 of said Code, after the 1st day of June, 1867, ascertained, from inquiry or otherwise, the amount of said income, to the best of his information and judgment, and assessed the same on the amount so ascertained by him. It is not claimed that the assessor did not act in

good faith, in determining the amount of plaintiff's income. If it was set down at too large a sum, he has no one to blame for it but himself.

We hold, it was his duty, on the request of the assessor, to give in his income, and this he might have done, under protest, if he and the assesor disagreed as to its liability to be taxed, and by so doing, he would neither have lost nor waived any right or remedy he might have had in the premises. He should have known if he refused to give it in, the assessor, if an honest and faithful officer, would ascertain the amount as best he could, in the way the law required, and in doing so, if he fixed the amount at too large a sum, he would have to submit to it, and, moreover, be subject to be assessed a double tax on the same.

In such a case, we are not aware of any remedy to correct a mistake honestly made on the part of the assessor.

The plain letter of the law makes it the duty of the assessor to ascertain the amount, and, as a punishment, assess the delinquent a double tax.—Section 479 of Code.

The plaintiff's income, so ascertained and assessed, was entered in the assessment book required to be made out by the assessor and delivered to the probate judge, as provided by section 473 of the Code.

This assessment book was afterwards examined, by the court of county commissioners, as provided by section 534 of said Code, and then delivered to the defendant, the tax collector of said county, as his warrant and authority to collect the taxes assessed and set down in said assessment book. As tax collector, he had no authority to alter or change the same, or to increase or diminish the tax of any individual therein named, but it was his plain duty to collect the taxes, as he found them therein stated, and for doing this he subjected himself to no liability to the plaintiff, or to any other person. But, as he has agreed, that if the plaintiff's said income was not liable to be taxed, for the reason in said agreement stated, to-wit, because the plaintiff had invested the same in real estate, upon which he was taxed between the periods within which the said income accrued, then judgment should be entered against him, &c., as aforesaid; therefore, he must abide by his

agreement, whether it was by him advisedly or unadvisedly made.

The question thus arises, was the plaintiff's income, for the time stated, exempted from taxation for the reason mentioned in said agreement ?

We have carefully examined and considered this question, and we feel constrained to decide, that neither the reason given, nor any other reason we are able to discover, exempted said income from taxation.

The said real estate, as property, was taxed under part 2 of section 434 of the Revised Code, three-tenths of one per cent. *ad valorem.*

This section gives the subjects and rates of assessment as to property and persons. It provides, that taxes must be assessed by the assessor, in each county, on and from the following subjects, and at the rates following, to-wit : This section is then divided into sixteen parts, in which the persons and the several items, &c., subject to taxation, and the different rates at which they are to be assessed, are specified and stated. These items embrace almost every species and kind of property, including moneys hoarded, or kept on deposit, loaned, or employed in certain business, and on the *gross receipts, gross commissions, and gross profits* of certain named occupations and employments. The rates of taxation, it is seen, vary from one-tenth of one per cent. to three per cent.

On some items the tax is an *ad-valorem* tax, on others it is a special tax, and on all the several occupations and employments named, the tax is assessed on *the gross receipts, commissions and profits.* This fact should be noted, as it will be necessary to refer to it in considering what persons are embraced in the proviso to section 435, which is the section that provides for the assessment of *incomes and salaries, &c.*

It is not a question for the courts to determine, whether the great diversities in the rates of taxation, or the modes and manner of their assessment, or the exemptions from taxation, are wise or unwise, just or unjust. These are matters exclusively for the consideration of the legislature.

39

The following section (435) of the said Code, is a part of the same act with the said section 434, and cannot be well understood, especially the proviso thereof, without reference to the latter named section.

The said section 435 declares, that there must be assessed and collected, upon the annual gains, profits or incomes, of every person residing within the State, *from whatever sources derived, &c.*, over five hundred dollars, at the rate of one per cent. In estimating these gains, profits or incomes, certain specified deductions are to be made. Then follows a proviso to this section, in these words, to-wit:

"*Provided*, That any person shall be exempted from the operations of *this section, upon whose gross receipts, commissions or profits, taxes are assessed under the provisions of the preceding section.*"

The language of this proviso is plain and unambiguous, and, when considered in connection with said section 434, there seems to us no real difficulties in determining what particular persons are entitled to its benefits. It clearly only embraces those persons upon whose *gross receipts, commissions or profits, taxes are assessed under the provisions of the previous section* 434.

Now, who are those persons? It is only necessary to refer to the several parts of said section 434 to answer this question. Thus we shall see, that persons *engaged in certain occupations and employments,* are, in the language of said proviso, assessed upon their gross receipts, commissions and profits. For example, commission merchants are assessed upon their gross commissions; persons engaged in cotton pickeries, the storage of cotton, other merchandise or property; persons employed in running railroads, and all petroleum and oil companies, or distillers of coal oil, are assessed upon the gross receipts of their several occupations and employments; and so, too, all banking associations, erected under the laws of the United States, are assessed upon their gross profits. Here we have persons, some assessed upon their gross commissions, some assessed upon their gross receipts, and some assessed upon their gross profits.

Such persons, therefore, are embraced within both the letter and spirit of said proviso, and entitled to the benefits of it. But the plaintiff is, clearly, not embraced or included within either of these classes or categories, and, consequently, is excluded by the letter of the proviso; and, we are unable to see how he can, with any propriety, be held to be within its spirit and meaning. He has been assessed and taxed upon the estimated market value in money of the said real estate, mentioned in the case ' agreed, but he has not been assessed upon the *gross receipts, incomes or profits*, derived from the same.

The plaintiff's income, upon which the tax was assessed, did not, nor did any part of it, grow out of this real estate, but it was wholly derived from the profits of the said firm of Hubbard and Tardy.

Can a person, who has realized an income, (immaterial how,) or from whatever sources it may have been made or derived, escape or exempt himself from paying a tax upon it, by the way or manner in which it is used, applied or disposed of? Clearly, this proviso does not say so. It is insisted, however, that plaintiff, inasmuch as he applied his income in paying a debt contracted in the purchase of real estate, upon which he had paid taxes, should be held to be within the spirit and meaning of said proviso, otherwise he would have to pay a double tax. We confess we are unable to see it in that light. He was, undoubtedly, liable to pay a tax on his real estate, under part two, of said section 434, and it was immaterial whether he had paid for it or was still indebted for the same; and by said section 435, he was just as liable to pay a tax upon his income, *from whatever sources derived*, even if it had been derived from the said real estate itself, unless exempted from doing so by the proviso to said section, which, we are clearly of the opinion, he was not.

It may safely be said, that the payment of an income tax, almost necessarily involves in some indirect and limited sense, the payment of a double tax; for income, oftener than otherwise, in some way, either directly or indirectly, is derived from, or grows out of property subject to taxation. The planter pays a tax on his plantation as

property; he also pays a tax on the income derived from the cultivation of the same; the owners of cotton presses and pickeries, pay a tax on them as property; they also pay a tax on the receipts growing out of their employment; so, too, the owner of a steamboat, or other vessel, pays a tax on such boat or vessel, and he is, also, liable to pay a tax on the profits earned by its navigation. These are. all of them, cases and examples, in a limited and secondary sense, of double taxation; yet, it has never been held to be a reasonable or legal objection to their being so levied and collected.

It may be said to be almost impossible to enact an effective revenue law where income is one of the items of taxation, that just such, and like objections, may not be made to it, and we see but one way to avoid them, and, that is, to abolish taxes on incomes altogether. We decide, therefore, that the plaintiff's income in this case, was, in the words of the case agreed, "liable to taxation," and, consequently, the court erred in entering judgment for the plaintiff.

We also decide, that, as the plaintiff refused to give in his income to the assessor, and, thereby, made it necessary for the assessor to ascertain its amount, from inquiry or otherwise, to the best of his information and judgment; if, in discharging this duty, acting in good faith, he fixed the amount of plaintiff's income at a sum larger than it was in fact, and assessed the same at the sum so ascertained, the assessment was, notwithstanding, legal. The collection of the tax, so assessed, was also legal; consequently, the plaintiff is not entitled to recover in this action the difference between the amount of the tax so assessed and collected, and the sum he would have been assessed on his true income, if he had given it in to the assessor, as, we hold, he should have done.

Let the judgment of the court below be reversed and remanded, with instructions to the court below to render judgment for the appellant, in conformity with this opinion. The appellee will pay the costs of this court and of the court below.