## THE STATE v. E. F. LUTZ.

A Deputy Sheriff, who in his deputation is authorized to collect State and County taxes out of the persons named in said deputation, is not required to exhibit a certified copy of the tax lists from the officer required to make out said list, before he distrains property to enforce the payment thereof.

The tax list issued to a Sheriff has the force of an execution, and justifies the Sheriff in making seizures thereunder as fully as an execution issued from a Court of competent jurisdiction.

*Meeds* v. *Currer*, 8 Ire. 298, cited and approved.

Indictment for forcible trespass, tried before *Logan, J.*, at Spring Term, 1871, of LINCOLN Superior Court.

The facts are, that the defendant had received from the Sheriff of Lincoln County a deputation to collect certain taxes which were mentioned in said deputation, including the taxes due from one Nancy Greenhill, for the years 1869 and 1870. It was in evidence that at the time the said transcript was delivered to the defendant, that the tax had been properly assessed, and was then due; that after giving said deputation, and without the knowledge of defendant, the said Nancy paid the Sheriff of Lincoln the tax for 1869. Prior to the seizure, Nancy Greenhill made search for said tax receipt, but was unable to find it. The defendant, after exhibiting his authority to collect said taxes, distrained a horse belonging to her, which he found in the possession of one Absolem Houser. Upon the production of the receipt of Mrs. Greenhill, the defendant delivered the horse to her.

The defendant offered to prove that the horse seized was the property of Mrs. Greenhill, which evidence his Honor excluded. He also asked the Court to charge the jury that the authority contained in the deputation was sufficient to justify the levy, if the taxes were due, which were specified in the deputation, or any part thereof, which his Honor also declined doing.

His Honor instructed the jury that the paper writing was sufficient as a deputation, but was not sufficient authority to justify the defendant in making the seizure, whether the taxes were due or not due, and that it made no difference whether the horse seized was the property of Mrs. Greenhill, or not. Verdict guilty. Rule, &c. Judgment and appeal.

*Attorney General* and *Batchelor*, for State.
*Bragg & Strong* and *W. M. Young*, for defendant.

READE, J. We are to consider the case as if Nancy Greenhill owed the taxes claimed, and as if the property distrained was hers, and as if the defendant was lawfully deputized to collect the taxes. The case will then stand upon the question : whether the list of taxables which he had in his hands was sufficient to authorize him to act ? or whether it was necessary that he should have in his hands a list made out and certified by the Clerk ?

It is certainly usual, and it is very proper, that a tax collecting officer have in his hands a tax list, certified by the Clerk of the Court, as a guide for himself, and as information for the tax payer, who may wish to inspect it. *Kelly* v. *Craig*, 5 Ire. 129. And an officer wantonly failing to afford the people this reasonable satisfaction, would soon find the penalty in their displeasure, even if there were no more substantial means of reaching him.

But it does not appear that there was any demand for the inspection of the tax list in this case, or any wanton or oppressive conduct, on the part of the officer ; so that whether he had a list or not, did not work any real mischief. The fact was, that the Sheriff had made a copy from the list of taxables in his hands, of certain persons, with the amount of their taxes, and gave the list to the defendant, and deputized him to collect the taxes in that list, and Nancy Greenhill was upon that list, and the defendant distrained her property for her taxes.

The order of the Court laying taxes is understood to have the force of a judgment, as in cases between parties; and the list of taxables issued to the Sheriff has the force of an execution, and justifies the Sheriff, in collecting the taxes as the law directs; just as an execution issuing upon a judgment between parties, justifies the Sheriff in collecting the amount therein named.

It is usual and proper, that the Sheriff should have *in hand* the execution under which he acts, but we do not see that it is *necessary* that he should. If the execution has been issued to him, he may leave it in his office and rely upon his memory, or a copy, for his guide. So in this case, the tax list was in the Sheriff's office; and he gave a memorandum or copy to the defendant, his deputy, who then had all the powers which the Sheriff had. 3 Chitty's Pl. 782; *Meeds* v. *Currer*, 8 Ire. 298.

There is error.

PER CURIAM.                                   *Venire de novo.*