## Reuben E. Bird v. John L. Perkins.

*Trover: Village taxes: Regularity of incorporation: Collateral inquiry.* In an action of trover to recover the value of property taken and sold for village taxes, questions of the regularity of the incorporation of the village will not be considered; a private party may not in this collateral way question an assumption of corporate powers which the state does not dispute.

*Evidence: Official character: Village marshal.* In such an action evidence that defendant was appointed marshal by a resolution which recites the resignation of his predecessor, and that he proceeded to the discharge of his duties without his right being questioned, so far as appears, is a sufficient *prima facie* showing of his official character as village marshal.

*Taxes: Village board: Illegalities: Notice.* The defendant is not to be held chargeable, by reason of his having been a member of the village board when the tax was levied, with notice of illegalities.

*Tax-roll: Valuation: Figures: Dollar-mark.* It is not a valid objection to a tax-roll that the figures indicating the valuation of property on the roll are not preceded by a dollar-mark; and especially not where the tax is properly carried out with the dollar-mark preceding it.

*Tax-roll: Certificate: Copy: Presumptions.* The tax-roll and the assessor's certificate are distinct things; and it will not be presumed that because the copy of the roll upon which the tax is extended has no certificate copied upon it, the original roll was not properly authenticated.

*Tax-roll: Description of land.* The description of land on a village tax-roll as the east half of the southeast quarter of a section, omitting to give the number of the section, is not so defective as to be void when the village contains but one east half of a southeast quarter of a section.

*Tax-roll: Warrant: Extension: New warrant.* The fact that a new warrant was issued after the original had been extended, and before the period of the extension had expired, where both were attached to the tax-roll in defendant's hands, could not detract from the protective force of the process, since if either warrant was valid it was sufficient for defendant's protection.

*Tax collector: Process fair on its face.* A tax collector is protected by process that is fair on its face against any illegalities except his own.

*Tax collector: Detaining horse levied upon: Keeping: Expenses: Excess.* A tax collector does not become a trespasser *ab initio* by keeping a horse he has levied upon a little longer than is absolutely necessary to giving notice and making sale; and if the keeping be lawful, the expense is a. lawful charge, but if not, the owner in a proper action may recover the excess.

*Heard October 20. Decided November 2.*

Error to Lenawee Circuit.

This is an action of trover to recover the value of a. horse, the property of the plaintiff, which was taken and sold by the defendant as marshal of the village of Clayton, to collect money due on a tax levied by the village board on plaintiff's land. The cause was tried by jury, and verdict, and judgment having passed for defendant, the plaintiff brought error.

*Howell & Watts* and *C. A. Stacy*, for plaintiff in error.

*A. L. Millard*, for defendant in error.

COOLEY, J :

1. We do not consider the objections which were made to the evidence introduced for the purpose of showing a. regular incorporation of the village, because we do not regard

that question as involved in this suit.    Proceedings had
been taken under which a village government had been
brought into existence and was exercising its authority.    If
defects exist, they should be pointed out in a direct pro-
ceeding for the purpose, instituted on behalf of the state.
Even the state, it has been held, may be precluded from
raising such objections after the corporate government has
been fairly established with general acquiescence (*People v.
Maynard, 15 Mich., 463*); but a private party cannot be
allowed in this collateral way to question an assumption of
corporate powers which the state does not dispute.—See
*Fractional School District v. Joint Board of Inspectors, 27
Mich., 3.*

2.  Sufficient evidence was given of the official character
of defendant as village marshal.    True the resignation of
the person chosen marshal is not shown, but the resolution
appointing defendant to that office recites a resignation, and
a person of the same name, and presumptively the same
person as the one who was elected, signs defendant's official
bond.    These facts, we think, make out a *prima facie* right
in defendant, especially as he proceeded to the discharge of
the duties without, so far as we are informed, his right
being questioned.

3.  The principal question in the case concerns the pro-
tection which the defendant claims under his warrant.
Plaintiff insists that he is not protected, *first*, because, hav-
ing been a member of the village board when the tax was
levied, he is chargeable with notice of all illegalities.    But
on this point this court, in *Wall v. Trumbull, 16 Mich.,
228,* held the contrary.    *Second,* because the warrant was not
fair on its face, but, on the contrary, that and the roll
attached to it had several defects which rendered it invalid.

Of the defects which the plaintiff has pointed out we shall
notice those which seem to us to require it.    One of these
is, that the figures indicating the valuation of property on
the roll were preceded by no dollar mark, and therefore the
roll does not on its face show whether money or something

else was intended.    But an inspection of the roll shows clearly enough that dollars were meant, and no one could possibly have been in doubt on that subject.    The tax is properly carried out with the dollar mark preceding it; and this would perhaps be enough in any case; but the decisions in *Cahoon v. Coe, 52 N. H., 518, 524,* and *State v. Eureka etc. Co., 8 Nev., 15,* which to us are satisfactory, would sustain the roll without it.

Another objection is, that the certificate attached by the assessor to the roll was insufficient.    The original roll is not in evidence, and we do not know what certificate was to that.    We do not understand that the copy of the roll upon which the tax is extended must have the assessor's certificate copied upon it.    The roll and the certificate are distinct things.—*Tweed v. Metcalf, 4 Mich., 579.*    Defendant therefore had a right to assume that the original roll was properly authenticated.

It is also objected that one description of land for which plaintiff was charged was so imperfectly described as to be void.    The description was the east half of the southeast quarter of a section, but without giving the number of the section.    But on examination of the petition upon which the village was organized we find the village contains but one east half of southeast quarter of a section, and consequently this description is sufficient.

A further objection is, that the board issued a new warrant to defendant after having extended the original warrant and while the period of the extension was still unexpired. But if the original warrant was still in force the new warrant was merely nugatory.    Both the new and the old warrant were attached to the roll in defendant's hands, and if either was valid it was sufficient for his protection.

These objections not being well taken, we think defendant had process which was fair on its face.    We also think this was sufficient to protect him against any illegalities except his own.—*Ford v. Clough, 8 Greenl., 334; Nowell v. Tripp, 61 Me., 426; Savacool v. Boughton, 5 Wend.,*

*171; Chegaray v. Jenkins, 5 N. Y., 376; Turner v. Franklin, 29 Mo., 285; Walden v. Dudley, 49 Mo., 419; Holden v. Eaton, 8 Pick., 436; Underwood v. Robinson, 106 Mass., 296; Brainard v. Head, 15 La. An., 489; Blanchard v. Goss, 2 N. H., 491; Kelley v. Noyes, 43 N. H., 209; Moore v. Allegheny City, 18 Penn. St., 55; Billings v. Russell, 23 Penn. St., 189; Shaw v. Dennis, 5 Gilm., 405; Hill v. Figley, 25 Ill., 156; State v. Jervey, 4 Strob., 304; Loomis v. Spencer, 1 Ohio, N. S., 153; Watson v. Watson, 9 Conn., 140; Neth v. Crofut, 30 Conn., 580; McLean v. Cook, 23 Wis., 364; Noland v. Busby, 28 Ind., 154; LeRoy v. East Saginaw City Railway Company, 18 Mich., 233; Lott v. Hubbard, 44 Ala., 593; Stale v. Lutz, 65 N. C., 503; Gore v. Mastin, 66 N. C., 371; Erskine v. Hohnbach, 14 Wall., 613.*

4. We do not think the defendant became a trespasser *ab initio* by keeping the horse levied upon a little longer than was absolutely necessary to giving notice and making sale. There may have been good reasons for this, and something must be allowed to the officer's discretion in such cases. And if the keeping was lawful, the expense was a lawful charge; but if not, the plaintiff in a proper action might recover the excess.

There is no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.