## SAMUEL G. WOOD v. NATHAN THOMAS.

*Liquor Tax Law—Act 228 of 1875—County treasurer's warrant.*

A county treasurer's warrant, under Act 228 of 1875, to raise the amount of a liquor tax by distress and sale, would, if fair on its face, be a sufficient protection to the officer executing it, in proceedings against him for tort.

An officer levying a liquor tax by distress under Act 228 of 1875 need not set forth in his return that he demanded the amount before making the levy; if demand is necessary, it can be shown by parol, and in the absence of any showing to the contrary, the officer is presumed to have done his duty.

Error to Van Buren.　Submitted April 11.　Decided April 16.

TROVER for the conversion of billiard tables seized under a county treasurer's warrant for the collection of the liquor tax imposed by Act 228 of 1875. The act requires the annual levy of a tax of $150 upon the business of selling distilled or malt liquors (§ 1), and directs the assessor of every township, ward, city or village, on or before the 3d Monday in May, to enroll the names of all persons engaged in that business and to notify those whose names have been placed on the roll (§ 4). On the first Wednesday after the third Monday in May, and on the two following days, the assessor must be in his office to review the assessment roll, and on showing of sufficient cause shall add to it any names that had been omitted (§ 5). If any person refuses to pay the tax so assessed before the fourth Friday in June (§ 7), the county treasurer shall issue his warrant to the sheriff 'reciting therein the name of such person, etc.; the business carried on, the amount of such tax and date of the same,' and commanding him to levy the amount of the assessment with ten per cent interest from its date and four per cent collection fees by distress and sale of any of the goods of the person refusing to pay or of any goods found in his possession, and in default of goods, of his lands and tenements, and to pay over the amount collected, reserving his fees, within ten days, to the county treasurer ( § 8). Defendant had judgment below and plaintiff brings error.

*Richards & Mills* for plaintiff in error.

*Benj. F. Heckert* for defendant in error. A ministerial officer cannot be held as a wrong-doer for the execution of process fair on its face and purporting to come from an officer who has jurisdiction to issue it. Cooley on Taxation, 559–564; *Beach v. Botsford,* 1 Doug. (Mich.), 199; *Wall v. Trumbull,* 16 Mich., 228; *Le Roy*

*v. East Saginaw City Railway*, 18 Mich., 234; *Nowell v. Tripp*, 61 Me., 426: 14 Amer., 572; *Savacool v. Boughton*, 5 Wend., 171; *Holden v. Eaton*, 8 Pick., 436; *Erskine v. Hohnbach*, 14 Wall., 613; *Moore v. Allegheny City*, 18 Penn. St., 55; *Judkins v. Reed*, 48 Me., 386; *Caldwell v. Hawkins*, 40 Me., 526; *Ford v. Clough*, 8 Me., 334.

MARSTON, J.   Plaintiff in error brought an action of trover against the defendant in error for the conversion of certain personal property.

The defendant, who was sheriff, to justify the taking of the property, offered and introduced in evidence what purported to be a warrant issued by the county treasurer of Van Buren county, directed to the defendant as such sheriff, under which he claimed to have seized and sold the property.   This warrant was issued under and in accordance with the provisions of section 8 of Act No. 228 of the session laws of 1875.   The warrant, if fair upon its face, would be a sufficient protection to the officer in an action like the present where he is proceeded against as a tort feasor.

It was said that the warrant was not fair on its face in that it recited that the assessment was made on the 24th day of May—which was the second day of review,—and that it was an assessment for a full year's tax, and not a pro rata tax for the unexpired portion of a year. It was also said that it contained no recital of a legal assessment, or allegation that a warrant had been issued by the assessor to the county treasurer, or that opportunity had been afforded the plaintiff to pay the tax. Also that the return of the sheriff did not show that he had made demand for the tax before making a levy.

None of these objections were well taken.   The assessor had authority to add to the assessment roll, during the days fixed by law for a review thereof, the name of any person liable to be taxed under the provisions of the act, and it was not necessary that any notice should be given

the person whose name was so added. Such an assessment would be made in accordance with the provisions of section five of the act and would be for a full year's tax. Nor is this warrant open to the objection that it does not contain the necessary recitals; it contains all the recitals required by section eight of the act under which it was issued.

The officer need not in his return set forth the fact that he had made a demand for the tax before making his levy. If such a demand was an essential pre-requisite before making the levy, the fact thereof might be shown by parol, and in the absence of any showing to the contrary the presumption would be that the officer had performed his duty.

Judgment affirmed with costs.

The other Justices concurred.