D. M. MORRISON and another v. B. L. McLAUCHLIN and others.

*Taxation— Tax Title.*

1. Land should be listed for taxation in the name of the individual owners, and not in the name of the "estate" of one deceased.

2. A tax-title derived by a purchaser at sheriff's sale of land listed in the name of the "estate" of one deceased, is defective: the law requires personal service of notice of levy and sale upon the delinquent tax-payer.

(*Avery* v. *Rose*, 4 Dev., 549 ; *Saunders* v. *McLin*, 1 Ired., 572 ; *Kelly* v. *Craig*, 5 Ired., 129 ; *Jordan* v. *Rouse*, 1 Jones, 119 ; *Taylor* v. *Allen*, 67 N. C., 346 ; *Hayes* v. *Hunt*, 85 N. C., 303 ; *Busbee* v. *Lewis*, *Ib.*, 332 ; *Roberson* v. *Woollard*, 6 Ired., 90; *Bradford* v. *Erwin*, 12 Ired., 291 ; *State* v. *Lutz*, 65 N. C., 503, cited and approved).

EJECTMENT tried at Spring Term, 1882, of RICHMOND Superior Court, before *Shipp, J.*

Plaintiffs appealed from the ruling of the judge in the court below.

*Messrs. Burwell, Walker & Tillett,* for plaintiffs.

*Messrs. French & Norment,* and *T. A. & Frank McNeill,* for defendants.

SMITH, C. J.   The plaintiffs derive title to the land in contest, described in their complaint, under a sale made for unpaid taxes, and the deed executed on October 20th, 1880, by the sheriff of Richmond county.   The defendants are the heirs-at-law and devisees of one A. D. McLauchlin (a former owner, who died in 1852), still living and the issue of others since deceased. The taxes for which the land was sold, were due for the years 1874, '75, '76, '77, on the land, and to a small extent on sundry articles of personal estate listed with it, amounting in the aggregate to $85.84.

Matilda McLauchlin, one of the children of the deceased proprietor, lived on the land from the time of his death until her

own, in 1881. The defendant, B. L. McLauchlin, also resided for years upon the land, having the control and management of the estate of his grandfather, A. D. McLauchlin, and, as agent for all, paid the previous assessment upon the land. The land was entered upon the tax-lists, by whom listed does not appear, in the following form:

"The estate of A. D. McLauchlin, deceased," and as the "Goose Pond," this being the designation by which the tract was known and identified.

On the tax-lists and books produced in evidence was endorsed a memorandum in these words:

| STATE ON RELATION OF Z. F. LONG, Sheriff of Richmond county, vs. THE ESTATE OF A. D. McLAUCHLIN. | Levy on land of estate of A. D. McLauchlin, lying on Goose Pond, for default in payment of taxes for the years 1874, '75, '76, '77. Z. F. LONG, Sheriff of Richmond county. |

It is unnecessary to consider the regularity and sufficiency of the subsequent action of the officer, which resulted in the sale and conveyance of the land thus charged, except the "ten acres on the south side," reserved to the plaintiffs, whose bid covers the entire taxes and the expenses incurred in the proceedings, inasmuch as the nonsuit was suffered upon an intimation from the judge, after the plaintiffs' testimony was all in, that the mode of listing the land was fatally defective and that the sheriff's sale and deed did not divest the title of the defendants, and the jury would be so instructed.

The sole inquiry before us is, therefore, as to the effect of listing the property, not in the names of the individual owners, or any of them, or by descriptive words, such as "heirs-at-law," or "devisees" of a former deceased owner whose name is given, by which, perhaps, the present owners could be ascertained and identified, of which we express no opinion, since the listing in the present case comes up to neither requirement.

The question can only be solved by reference to the provisions of the statute, in reference to the collection of taxes, in force when the proceeding was had.

But little aid can be derived from adjudications elsewhere, the regulations in different states for the enforcement of public levies being so unlike, nor from such as have been made in our own, beyond the general rule recognized that the proceeding being special and not according to the course of the common law, every essential requirement of the statute must be observed in order to transfer the estate of the delinquent to the purchaser at the collector's sale. *Avery* v. *Rose*, 4 Dev., 549; *Saunders* v. *McLin*, 1 Ired., 572; *Jordan* v. *Rouse*, 1 Jones, 119; *Taylor* v. *Allen*, 67 N. C., 344; *Hayes* v. *Hunt*, 85 N. C., 303; *Busbee* v. *Lewis*, *Ibid*, 332; *Kelly* v. *Craig*, 5 Ired., 129.

It becomes then necessary to examine the provisions of the act of 1879 for the levying and collecting of taxes (ch. 71), which prescribe the method of giving in property for taxation, and point out the course to be pursued in enforcing payment out of the property of delinquents.

Every person required to list property as owner, or having it in his possession or under his control, on the first day of June, must make out and deliver a statement thereof on oath to the township assessors (§ 4) within twenty days thereafter, § 5.

The statement must contain " the age of a party with reference to his liability to a poll tax," § 9.

Trustees are required to give in the property held by them for others, § 11.

One chargeable with taxes, who refuses to fill up and swear to his return or to answer questions in respect to his property, commits a misdemeanor and may be fined or imprisoned on conviction for the offence, § 15.

The assessor must make out an abstract of the lists given in to him, and return "such abstract and the tax-lists" to the clerk of the commissioners, "and also of such taxable property as has

not been given in, with the names of the occupant and supposed owner," § 17.

The tax-lists, when revised and settled by the county commissioners as to the separate townships, are to be delivered to the sheriff, one copy of each being kept in the office of their clerk, for collection. This list is to be put in a form furnished by the state auditor, and show in different columns "the sums due by each tax-payer to the state and to the county," § 25. The clerk is required to endorse thereon an order to the sheriff for collection under his hand and seal, the form of which is set out in the same section.

When the taxes become due, and they are due on the 1st Monday in September, the sheriff is directed, if the delinquent have personal property, to seize and sell the same, as he does under execution, § 35, par. 1.

If the "party charged" has no, or insufficient, personal property, the sheriff is commanded to levy upon the lands of the delinquent and "return a list of said levy to the clerk of the superior court, who shall enter the same in a book to be kept for that purpose." He must then "notify the delinquent of such levy, and of the day and place of sale, by *service of a notice, stating these particulars, on him personally,* with directions how to proceed if the delinquent cannot be found, § 35, par. 2.

There are further provisions for redemption in case a sale is made, and time is allowed to enable the delinquent or his agent to redeem. If not redeemed in twelve months, the sheriff is directed to convey the land to the purchaser, and this deed shall pass "all the estate in the quantity of the land for which the said purchaser bid, which the *delinquent,* his agent or attorney had at the time of the sale for taxes," § 39.

It is manifest from these clauses, that the name of the tax-payer should be associated with the description of the property listed, and against him personally the proceedings are directed to be had to compel payment of the tax, out of his personal estate

first, and then against his real estate, and this is an indispensable condition of their legal validity.

In the present case, we only know the name of a former owner, who died more than twenty-five years before the sale, whether with or without a will does not appear, nor whether the land passed to others by devise or descent. Who were the delinquent owners is nowhere shown in the proceedings, nor any such references to them as "heirs" or "devisees" of the decedent given, by which they could be found out, if that indeed would aid the purchaser.

In *Roberson* v. *Woollard*, 6 Ired., 907, it is held that an execution commanding the sheriff to sell the lands of "the heirs of Joseph Roberson, descended," was inoperative and void, because the defendants were not named or ascertained in the process, though they were in the judgment.

The question, who are the heirs of a deceased intestate, is one of law, to be decided by the court; but the identity of the persons, who by relationship are such, is one of fact. *Bradford* v. *Erwin*, 12 Ired., 291.

The statute declares that the order for collection, to be indorsed by the clerk, on the tax-list delivered to the sheriff, "shall have the force and effect of a judgment and execution against the property of the person charged in such list," § 25, and such was declared to be the law in *State* v. *Lutz*, 65 N. C., 503.

There were numerous other irregularities pointed out in the argument for the appellee, such as the including the tax on the personal with that on the real estate, and the sale for the satisfaction of both, and the operation of the statute of limitations upon the older taxes, but we pretermit the expression of an opinion upon any ruling except that which induced the nonsuit, and relates exclusively to the sufficiency of the tax-list, and the action under it, to warrant the subsequent sale to the plaintiffs. In this ruling we find no error, and the judgment must be affirmed. It is so ordered.

No error.                                                    Affirmed.