EDWIN BYLES v. CLARK B. GENUNG.

*Collection of taxes—Supervisor's warrant.*

A township treasurer is not liable in trover, or in any action of tort, for enforcing the collection of an excessive tax, if his warrant therefor from the supervisor is fair on its face.

Error to Oceana.   (Russell, J.)   Jan. 23.—Jan. 29.

ASSUMPSIT.   Plaintiff brings error.   Affirmed.

*Fletcher & Wanty* for appellant.

*L. G. Rutherford* for appellee.

CHAMPLIN, J.   This is an action of trover, brought by the plaintiff against the defendant for the conversion of certain pine lumber.   The defendant pleaded the general issue and gave notice as follows: .

"Upon the trial of the above entitled cause the defendant will give in evidence, under the general issue above pleaded, one certain tax-roll for the year 1882, upon which was listed and assessed the taxes upon the real and personal property of the township of Golden, (township number 15 north, of range number 18 west,) Oceana county, Michigan, upon which was listed and assessed a tax for the year 1882 upon the property of the plaintiff for a large sum of money, to-wit, two hundred dollars, and a warrant of the supervisor of said township, attached to said assessment roll of said township of Golden, for said year 1882.

And the defendant will further give in evidence as aforesaid, and show, that the said defendant, Clark B. Genung, is, and was at the time of the alleged injury complained of in said plaintiff's declaration, the township treasurer of the township of Golden, aforesaid.

And the said defendant will further give in evidence upon the trial of said cause, under said general issue above pleaded, that said tax-roll of said township of Golden for said year, 1882, with the warrant thereto attached, was placed in the hands of said defendant, as such township treasurer, by the supervisor of said township of Golden, to-

wit, on or about the first day of December, A. D. 1882. The said defendant, township treasurer as aforesaid, did as such treasurer, and by virtue of said tax-roll with said warrant thereto attached, with the name of said plaintiff listed upon said tax-roll and opposite the tax above named on said tax-roll, for the tax upon property of the defendant listed and assessed upon the property of said plaintiff, did seize, levy upon and take into his possession, as the township treasurer of said township of Golden, the goods, chattels and personal property of said township, described in said plaintiff's declaration, and sold a sufficient amount of said goods, chattels and personal property to satisfy the amount of the tax so levied and assessed upon the property of said defendant in said township, as directed by said supervisor's warrant, for the purpose of satisfying the said tax so levied and assessed by said supervisor, and listed upon said roll, as directed by said warrant attached to said tax-roll."

On the trial the plaintiff proved title to the property, and its value. He also showed the seizure and sale by defendant. The plaintiff is a resident of Dow, Allegan county, and has been for the last fifteen years. The defendant produced in evidence the tax-roll of the town of Golden for the year 1882, with the supervisor's warrant annexed, from which it appeared that plaintiff was assessed thereon for personal property, for State, county, township, highway and school taxes. The defendant was township treasurer of Golden, and levied upon and sold the property described in plaintiff's declaration, in order to collect the tax in question, which was the conversion complained of.

Plaintiff claims that there was a total want of jurisdiction in the supervisor to levy any tax against him, because he was a non-resident of the township, and "did not hire or occupy a store, mill, place for sale of property, shop, office, mine, farm, storage, manufactory or warehouse in the township of Golden on the second Monday of April, 1882;" and he also claims "that the State and county tax assessed to him are excessive, and hence the warrant is void on its face, and could afford no protection to the officer, even if there had been jurisdiction to levy the tax." If we grant the facts are as claimed, the conclusion does not follow that the plaintiff is entitled to recover in this form of action against

the officer. Merely an excess in the amount of a tax which the supervisor had a right to assess would not render the warrant void, so as to make the officer acting under it liable in an action of tort for enforcing collection of the taxes on his roll. To so hold would make it necessary for the collector to re-cast the entire tax roll, or otherwise to act at his peril. If an excess in the amount of a single tax "makes the warrant void on its face, so as to afford no protection to the officer," then it could afford no protection to the officer in the collection of any of the other taxes on the roll, although in every respect legal. A proposition that leads to such absurd consequences cannot be sound law. The warrant, being fair on its face, was sufficient to protect defendant from personal responsibility, as a wrong-doer, against the illegalities claimed to have been committed by the supervisor. *Bird v. Perkins* 33 Mich. 28.

The judgment of the circuit court is affirmed with costs.

The other Justices concurred.