|     |     |
| --- | --- |
| 95  | 45  |
| 110 | 132 |
| 95  | 45  |
| 119 | 90  |

## DAVID LANTIS, BY EXECUTOR, v. ANDREW REITHMILLER.

*Partition fences—Replevin—Property seized under tax warrant.*

1. How. Stat. § 797, which provides that "the respective occupants of lands inclosed with fences shall keep up and maintain partition fences between their own and the next adjoining inclosures, in equal shares, so long as both parties continue to improve the same," only applies to land which is inclosed by fences.

2. A land-owner whose property is seized to satisfy a tax assessed against his land on his refusal to build the share of a fence apportioned to him by the fence viewers without jurisdiction, the same not being a partition fence within the meaning of the statute, can bring replevin for the property.

Error to Jackson. (Peck, J.) Submitted on briefs January 12, 1893. Decided March 10, 1893.

Replevin. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Lehman Bros. & Cavanaugh,* for appellant.

*Parkinson & Day,* for defendant.

HOOKER, C. J. John Lantis owned the north-east quarter of section 32, in Waterloo township, Jackson county. David Lantis, during his lifetime, owned the north half of the south-east quarter of the same section, except 10 acres off from the east end thereof, which 10 acres separate his premises from the highway. Along the north side of the south-east quarter aforesaid a way existed, for about 50 years, which was used by the decedent and his grantors as a means of ingress and egress to and from the premises. Across the 10 acres the way was 1 rod wide, but upon decedent's premises it varied from 1 rod to 37 feet in width. Upon the north this way was fenced by John Lantis and his grantors during the period named, and upon the south it was fenced by the respective owners of the land crossed by it. The findings of fact are silent upon the subject of fences on the east and west ends of said way. We must assume, therefore, that the strip of land was not fully inclosed. The land on both sides of this way was improved land, and occupied by the owners, and counsel seem to concede that it was inclosed.

John Lantis applied to the fence viewers of the township to apportion the fence upon the north side of the way, claiming it to be a partition fence. Plaintiff opposed this, but the fence viewers apportioned it; and, upon plaintiff's refusal to build the share set off to him, they assessed the damages in favor of John, who built the entire fence, at the sum of $40, and $2 fees, and the same was, by the supervisor, placed upon the roll for collection. The township treasurer seized the horse in controversy to enforce collection, and plaintiff replevied it.

But two questions are involved in the case:

1. Was the fence in question a partition fence, within the statute?

2. Can replevin be maintained, the horse being taken for the collection of a tax?

At common law, no obligation to build or maintain a fence for the convenience of an adjoining proprietor existed. The statute (How. Stat. § 797), being in derogation of the common law, must be strictly construed. By its express terms, it applies only to land inclosed by fences. The uniform construction of such statutes has been to limit their application to *inclosed* lands. If a land-owner chooses not to occupy that portion of his land adjoining his neighbor, or does not care to inclose it for his own purposes, the law does not compel him to do it for another. *Bechtel v. Neilson,* 19 Wis. 59; *Bills v. Belknap,* 38 Iowa, 225; *Bland v. Hixenbaugh,* 39 Id. 536.

Was replevin a proper remedy? How. Stat. § 8318, prohibits replevin as a remedy for the detention of property taken by virtue of any warrant for the collection of a tax. This statute has been held not to apply to cases where the officer assessing or collecting could not, by any possibility, have a right to act. *Le Roy v. East Saginaw City Railway,* 18 Mich. 234; *McCoy v. Anderson,* 47 Id. 502; *Hood v. Judkins,* 61 Id. 583. The fence viewers had no jurisdiction to apportion fences between premises not inclosed, and the plaintiff's land, being uninclosed. was as much exempt from this tax as the property of the non-resident copartnership in the case of *McCoy v. Anderson,* above cited. The tax was void, and the plaintiff's action was properly brought.

It follows that the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.