## CURTISS *v.* WITT

Taxes—Seizure of Chattels—Liability of Officer.

The authority of a tax collector to seize personal property and sell the same for delinquent taxes does not proceed from the tax roll, but from the warrant, and, where the latter is fair upon its face, the officer is protected, even though a demand is made for a return of the chattels prior to the sale.

| 110 | 131 |
|-----|-----|
| 117 | 487 |
| 110 | 131 |
| f118 | 544 |
| 110 | 131 |
| 123 | 359 |

Error to Lenawee; Lane, J. Submitted June 11, 1896. Decided July 8, 1896.

Trover by William H. Curtiss against George Witt. From a judgment for defendant, plaintiff brings error. Affirmed.

*Mains & Mains*, for appellant.

*Westerman & Westerman*, for appellee.

Hooker, J. The plaintiff brought trover for the alleged conversion of a road cart, which the defendant seized for taxes of the plaintiff, and refused to return to the plaintiff upon demand. We think that the warrant was fair upon its face, and a full protection to the defendant in his seizure of the cart; but it is claimed that it was not a protection to him after demand, as, it is said, that the right of property, and not a mere trespass, is involved.

It is a novel proposition that an officer may safely take property under a tax warrant, for the purpose of sale, but, if demand is made before sale, the warrant ceases to protect him, and he sells, or even has the custody of, the property at his peril. The plaintiff contends that by such demand he imposes upon the defendant the burden of ascertaining the validity of the

proceedings for the imposition of the tax. If this is so, counsel have made a discovery which will be far-reaching, and will make the sale of personal property for taxes very dangerous business. The authority of the collector does not proceed from the roll, but from the warrant. That is a protection to him in seizing the property and selling the same, when it is fair upon its face. This is a rule that never has been departed from in this State, so far as we can discover. *Tweed* v. *Metcalf*, 4 Mich. 579; *Byles* v. *Genung*, 52 Mich. 504; *Wood* v. *Thomas*, 38 Mich. 686; *Moss* v. *Cummings*, 44 Mich. 359; *Bird* v. *Perkins*, 33 Mich. 28. Indeed, the importance of the collection of the public revenue was thought sufficient reason for denying to individuals the right of trying the question of the regularity of tax proceedings, anterior to the warrant, upon replevin, and a statute prohibits the replevin of property seized by virtue of any tax warrant in pursuance of any law of this State. This court has, however, sustained actions of replevin in two or three cases where the tax was levied upon property under circumstances showing that such levy was not in pursuance of any law of this State. Such cases are *LeRoy* v. *East Saginaw City Railway*, 18 Mich. 239 (100 Am. Dec. 162); *McCoy* v. *Anderson*, 47 Mich. 502; *Hood* v. *Judkins*, 61 Mich. 583; *Lantis* v. *Reithmiller*, 95 Mich. 47. But they cannot be applied to this case, as it is not within their rule.

The judgment is affirmed.

The other Justices concurred.