GEORGE F. ARCHER v. G. H. HELM.

STATUTE OF FRAUDS.  *Disputed boundary.  Parol agreement.*

> A parol agreement between coterminous owners, fixing an uncertain and
> disputed boundary between their lands, followed by possession, is valid
> and binding.  *Natchez* v. *Vandervelde*, 31 Miss., 706.

FROM the circuit court of Washington county.
HON. R. W. WILLIAMSON, Judge.

Helm, the appellee, brought ejectment against the appel-
lant, Archer, to recover a narrow strip of land lying along
the boundary line between their plantations.  The contro-
versy involves the correctness of the location of the boundary
line between their lands.  Each holds under conveyances
which describe the land according to the government surveys,
and the contention arises, not from any uncertainty of de-
scription, but as to the true location of the section lines.  It
is unnecessary to set out the evidence relative to the various
surveys, since the court reverses the judgment on a question
of law.

The defendant, Archer, offered evidence for the purpose of
showing that the line contended for by him as the true bound-
ary had been settled and fixed by a parol agreement between
him and Helm, the plaintiff; that surveys, made at different
times, to ascertain the true line had all differed, and that the
location of the line, being thus in dispute and uncertain, was
fixed by a verbal agreement, each party taking possession of
his tract, and improving the same.  The court refused to
permit this evidence to be introduced, and this is made the
ground of an exception by the appellant.

The judgment was in favor of plaintiff, Helm, and Archer
appeals.

*Campbell & Starling*, for appellant.

The question is not whether one who points out a particular line as the boundary between his estate and that of another, *through mistake*, is estopped to claim to the true line when discovered, nor whether a known and well-marked boundary can be changed and relocated by parol agreement; but whether owners of adjoining estates, where their dividing line is in dispute and uncertain, can compromise the dispute and define the line by parol agreement, and especially where the parties have taken possession on the faith of the agreement. We submit that the overwhelming weight of authority is that such an agreement can be made.

The authorities agree in this conclusion, but they are at variance as to the principle on which it is based. Some say that the statute of frauds does not apply, because no title or interest in the land is passed, but the respective tracts are merely located, the boundaries in the deed being simply applied. Others hold that the agreement does, in effect, pass title to land, but that, if possession is taken on the faith of the agreement, and improvements are made, the other party is *estopped* to dispute the boundary. Still others hold that possession for a long time up to the agreed line, even without improvements, binds, on the doctrine of estoppel. See *Natchez* v. *Vandervelde*, 31 Miss., 706; 13 Am. Dec., 224; 25 *Ib.*, 452; 27 *Ib.*, 120; 32 N. Y., 561; 35 Pa. St., 409; 23 Ark., 704; 64 Mo., 218; 25 Cal., 619; 82 Ill., 498; 88 Ind., 342; 13 Neb., 415; 58 Tex., 494; 11 Am. St. Rep., 589; 17 *Ib.*, 549; Sedg. & Wait, Trial of Land Titles, 867; 2 Reed, Stat. of Frauds, § 745; 2 Herman on Estoppel, 1172.

*Yerger & Percy*, for appellee.

There is no claim in this case of ignorance on the one side and knowledge and fraudulent representation on the other. The simple contention is that an uncertain boundary line may be fixed by parol agreement. There are few questions upon which there is greater conflict among authorities, but, clothe

it in whatever web of reasoning you may, it is in direct con-
flict with the statute of frauds, and opens the door to the
flood of evils at which that statute is aimed. The decisions
relied on by appellant only harmonize in the result reached.
Each court seems determined to reach the result, but rejects
the flimsy reasoning used by the others. Some of the cases
apply the principle of estoppel, and others that of long ac-
quiescence, as proof of an agreement or evidence of the cor-
rectness of the boundary line. See 70 Am. Dec., 57; 69 *Ib.*,
707. The note to this case holds, from a review of all the
cases, that such an agreement is never valid except where
there has been long acquiescence, and then it binds by way
of estoppel. See also 4 Am. Rep., 398; 27 *Ib.*, 226.

The decisions holding that the evidence is incompetent,
are harmonious and logical. To constitute estoppel, there
must be knowledge and misrepresentation on one side, and
ignorance and reliance on the other. Where parties agree
upon the boundary line, and make improvements accordingly,
neither is estopped from recovering to the true line. Bige-
low on Estoppel, 467; 39 Am. Dec., 694; 33 *Ib.*, 172; 88 *Ib.*,
577; 64 *Ib.*, 577; 13 *Ib.*, 222; 2 Smith, Lead Cas., 759.

The establishment of a boundary, by partition or otherwise,
is within the statute of frauds, and, to be binding, must be in
writing. *May* v. *Baskin*, 12 Smed. & M., 428.

While parol partitions have been upheld, it is upon an en-
tirely different line of reasoning by this court, and this doc-
trine will be applied within the precise limits in which the
court finds it. *Pipes* v. *Buckner*, 51 Miss., 848.

The principle upon which parol partitions among tenants
in common are upheld, when followed by possession in sev-
eralty, is entirely different from the principle sought to be
applied here. The parol agreement does not operate as a
conveyance, but simply as a severance of the joint possession.
Again, the rule, if admitted, cannot apply here, because the
boundary is a government section line. There may be dis-
putes among surveyors, or practical difficulty in locating the

section line, still, theoretically it can be correctly located. The location is not uncertain, but the establishment of the location may be difficult. In such case the rule contended for will not be applied.

Argued orally by *R. B. Campbell*, for appellant, and *Leroy Percy*, for appellee.

COOPER, J., delivered the opinion of the court.

. There is much conflict in the authorities upon the question whether disputed and uncertain boundaries may be fixed by the parol agreement of coterminous proprietors. By some courts it is held that such an agreement is substantially for the sale of lands, and required to be in writing by the statute of frauds. Others seem˙ to concede the application of the statute, but hold that where possession is taken under a parol agreement and continued for a long time, or is followed by valuable improvements, the other party is precluded by estoppel from controverting the correctness of the boundary agreed on. Others hold that such an agreement, when entered into in good faith for the purpose only of fixing a disputed and uncertain boundary, is not an agreement for the sale of lands, but is a mere application of the title to the subject, and is therefore not within the operation of the statute.

In *Natchez* v. *Vandervelde*, 31 Miss., 706, this court seems to have adopted the rule last noted, and, so far as we are advised, it has not since been otherwise decided in this state.

In that case the court expressly declared that an agreement by parol to fix uncertain boundaries was not a contract for the sale of lands, and within neither the spirit nor the letter of the statute of frauds.

The subject is somewhat confused by the fact that in the same opinion the court declared that " there is no substantial difference in principle between such an agreement, *when carried out by taking possession in severalty under it,* and a parol partition of lands, between parties in possession and claim-

ing title, accompanied and followed by possession by each party of the part conceded to him; and such partitions are held to be valid and binding upon the parties. *Jackson* v. *Harden*, 4 Johns., 202; *Slice* v. *Derrick*, 2 Rich., 627; *Wilder* v. *Bonney*, 31 Miss., 644."

In *Wilder* v. *Bonney* the court seems to have laid stress upon the fact that possession followed the parol partition (which would seem to be unnecessary, except as evidence of the contract, if the agreement was not within the statute of frauds), and relied upon decisions in states where part performance of a contract within the statute of frauds will withdraw it from its operation.

It may be that in these instances—parol partition and agreements fixing disputed and uncertain boundaries—the court has drifted into the position of engrafting an exception upon the statute of frauds, contrary to its often repeated assertion that it would never do so.

In *Pipes* v. *Buckner*, 51 Miss., 848, this court upheld a parol partition followed by possession in severalty, but declared that it "would not extend the doctrine, but will apply it within the precise limits in which we find it." It must be admitted that there seems to be a want of harmony in the announcement of the principle in *Natchez* v. *Vandervelde*, for it is difficult, in view of all that was said therein, to determine whether the agreement was held to be not within the statute, or taken out of its operation by the possession which followed the contract. But the rule is certainly announced that a parol agreement, followed by possession under it, is valid to fix disputed and uncertain boundaries. Following this decision, we must hold that the court below erred in excluding the evidence offered by the defendant to establish the agreement.

*Reversed.*